HURD *v.* MEYER.

1. CORPORATIONS—DISSOLUTION—PAYMENT OF ANNUAL PRIVILEGE FEE
   BY RECEIVER—LICENSES.
     On decree of court dissolving corporation and filing notice there-
       of with secretary of State, corporation was dissolved, notwith-
       standing business was continued by receiver, under direction
       of court, for purpose of winding it up, and therefore there was
       no obligation on receiver to pay annual privilege fee (2 Comp.
       Laws 1929, §§ 10127, 10128, and 3 Comp. Laws 1929, § 15315).

2. SAME—RECEIVERS.
     After appointment of receiver of dissolved corporation, he acts
       as trustee and officer of court, and is vested with title to all
       corporate property (3 Comp. Laws Laws 1929, § 15315).

3. MECHANICS' LIENS—NOTICE OF STATEMENT OF CLAIM—STATUTES.
     Where owners resided in another county, posting copy of state-
       ment of claim in conspicuous place on property involved was
       sufficient compliance with statute (3 Comp. Laws 1929,
       § 13106).

4. SAME—JOINT OWNERSHIP—NOTICE OF STATEMENT OF CLAIM.
     There is no merit in claim that, because joint ownership of
       property involved was vested in two persons, therefore two
       notices of statement of claim should have been posted instead
       of one.

5. SAME—DISCOUNT OF CLAIM—CONSIDERATION.
     Agreement to discount valid mechanic's lien if paid within four
       months was not binding, where not so paid, because it was
       without consideration.

Appeal from Oakland; Covert (Frank L.), J.
Submitted April 13, 1932. (Docket No. 105, Cal-
endar No. 36,424.) Decided June 6, 1932.

Bill by Earl A. Hurd, receiver for the Hurd Lum-
ber & Woodwork Company, a Michigan corporation,

On receiver as officer of the court, see annotation in 6 L. R. A.
792; 38 A. L. R. 812.

against Theodore F. W. Meyer and others to foreclose a mechanic's lien. Decree for plaintiff. Defendants appeal. Affirmed.

*Wayne Van Osdol,* for plaintiff.

*Yerkes, Goddard & McClintock* (*Leslie C. Putnam,* of counsel), for defendants Meyer.

*Race, Haass & Allen* (*Floyd A. Supp,* of counsel), for defendant Equitable Trust Company.

NORTH, J. A petition for the dissolution of the Hurd Lumber & Woodwork Company, a Michigan corporation, was filed in the circuit court of Wayne county. On November 30, 1928, a decree dissolving the corporation was entered and a receiver was appointed. Notice of dissolution was filed with the secretary of State on December 7th following. The order appointing the receiver granted to him "full power to operate the business of said company and to preserve its assets under the direction and orders of this court." On or about May 21, 1929, the receiver entered into a contract with the Hamer Homes Corporation to furnish certain materials to be used in constructing a dwelling house for the defendants Theodore F. W. Meyer and Mary B. Meyer, his wife. The last materials were furnished September 27, 1929. Neither the contractor nor the owners paid for the materials so furnished, and plaintiff, claiming to have taken the necessary steps, alleges it has a mechanic's lien upon the property which lien it seeks by this proceeding to foreclose. The bill of complaint was filed March 24, 1930. From a decree for plaintiff, defendants have appealed.

Title to the property is held jointly in the names of Mr. and Mrs. Meyer, and defendant Equitable

Trust Company has a mortgage lien. The receiver in closing up the affairs of the Hurd Lumber & Woodwork Company continued to carry on its business until December 30, 1931, and it is conceded that during this period he did not make an annual report to the secretary of State or pay an annual franchise fee. It is strenuously urged by appellants, because of the receiver's failure to comply with the statute requiring annual reports and the payment of an annual franchise fee, that plaintiff's corporate powers were suspended, that it could not acquire rights under a mechanic's lien, and that it cannot maintain this bill for foreclosure of such alleged lien. (See 2 Comp. Laws 1929, §§ 10127, 10128.)

As above noted, the corporation was decreed "dissolved" November 30, 1928, and the notice of such dissolution was promptly filed with the secretary of State. The power granted to the receiver "to operate the business" was evidently only such as the court considered reasonably necessary to the advantageous winding up of the corporate business. The right to so continue the business for one year incident to the dissolution of the corporation is granted by statute (3 Comp. Laws 1929, § 15315). Notwithstanding such continuation of its former business, the corporate existence was terminated by the decree of November 30, 1928, and the subsequent filing of notice thereof with the secretary of State. It would be anomalous to say that, notwithstanding such termination of the corporate existence, the receiver must continue to pay for the corporation the annual franchise fee. The court ordered the business continued only to enable the receiver to take the necessary steps to realize on the corporation's assets, pay its creditors, and to distribute the surplus, if any, to the stockholders. The annual franchise

fee is a charge by the State made against a going corporation for the right and privilege it has of doing business in this State, and is not chargeable incident to closing up the affairs of a dissolved corporation. *Jones* v. *Winthrop Sav. Bank,* 66 Me. 242; *Johnson* v. *Johnson Bros.,* 108 Me. 272 (80 Atl. 741, Ann. Cas. 1913A, 1303); *Commonwealth* v. *Lancaster Savings Bank,* 123 Mass. 493; *Greenfield Sav. Bank* v. *Commonwealth,* 211 Mass. 207 (97 N. E. 927); *Mather's Sons' Co.'s Case,* 52 N. J. Eq. 607 (30 Atl. 321); *State* v. *Bradford Sav. Bank,* 71 Vt. 234 (44 Atl. 349); *Keeney* v. *Dominion Coal Co.,* 225 Fed. 625; *State of Ohio* v. *Harris* (C. C. A.), 229 Fed. 892. The above cases and many others were cited by Mr. Justice FEAD in *Re Detroit Properties Corp.,* 254 Mich. 523, wherein we held that the receiver in charge of a corporation continuing its business, the purpose being "to protect and preserve its franchises and privileges," should file an annual report and pay the annual franchise fee. The obvious distinction between that case and the instant case is that the receiver in the former was carrying on the corporate business for the express purpose of preserving and perpetuating its franchise; while here the corporation has been dissolved and its franchise terminated. After dissolution, the receiver of the corporation obviously cannot continue to conduct its corporate business, because there is no such corporation in contemplation of law; and all the subsequent acts incident to closing up its affairs are much akin to the administration of the estate of a deceased person and are carried on under the direction and control of the court. After the appointment of a receiver of a dissolved corporation, he acts as a trustee and is vested with title to all the corporate property. The statute provides:

"Upon giving bond and qualifying, as the court may direct, such permanent receiver shall be vested with all the estate, real and personal, of such corporation and shall be trustee thereof for the benefit of its creditors and stockholders, and shall have all the powers, authority and remedies of an assignee for an insolvent debtor, and also power to continue the business of such corporation for such period not exceeding one year as the court shall permit." 3 Comp. Laws 1929, § 15315.

While engaged in closing up the affairs of the dissolved corporation, the receiver is acting as a trustee and officer of the court; and, as before stated, is not required to file the annual report or to pay the annual franchise fee. However, decision herein should not be construed as applicable to or decisive of liability to pay annual franchise fees in a receivership originally instituted for dissolution of a corporation but which receivership, instead of proceeding to dissolution, ultimately results in restoring the corporation to its stockholders as a going concern. That question is not here for adjudication.

Since preparation of the foregoing portion of this opinion, decision has been rendered by the United States Supreme Court in *Michigan* v. *Michigan Trust Co.,* 286 U. S. 334 (52 Sup. Ct. 512), and therein the distinction between a receivership instituted for the perpetuation and preservation of the corporate business, as in the *Detroit Properties Case, supra,* and a receivership for the dissolution of the corporation, as in the instant case, is clearly recognized, and the conclusion reached is in full accord with our decisions.

Appellants assert that plaintiff failed to comply with the statute requiring service of a copy of the statement or claim of lien. The property against

which this lien is asserted is located in Oakland county. Mr. and Mrs. Meyer were residents of Wayne county. Upon being credibly informed that the owners did not reside in Oakland county, plaintiff's agent posted the claim of lien upon the premises. Personal service was not made upon the owners. There is testimony fairly indicating that Mr. Meyer during the time the building was in the process of construction usually visited the place each Saturday, and that Mrs. Meyer went to the property once in every two or three days. Also, an architect employed by Mr. and Mrs. Meyer was on the premises once in every two or three days for a period of one to three hours, engaged in inspecting the building. However, there is no dispute about the fact that neither of the owners resided in Oakland county, and that Mr. Meyer's regular employment was not in that county. The record does not disclose that the architect was an "agent having in charge" the premises, so that good service could have been made upon him under the statute. Under the circumstances disclosed by this record plaintiff's agent complied with the statute (3 Comp. Laws 1929, § 13106) by posting a copy of the claim of lien in a conspicuous place on the premises involved. There is no merit to appellants' contention that, because the joint ownership of this property was vested in two persons, Mr. and Mrs. Meyer, therefore two notices should have been posted instead of one.

Appellants further claim that the amount of the lien decreed by the circuit judge is excessive. The Equitable Trust Company had charge of disbursing the funds secured by its mortgage on this property. On December 31, 1929, it paid plaintiff $1,000 upon a certificate of the architect which recited the total amount of plaintiff's claim as $2,222.62, thus leaving a balance of $1,222.62. In fact, the total amount of

plaintiff's bill was $2,778.28 but it seems plaintiff agreed with the principal contractor that it would discount the amount of its claim 20 per cent. providing it was paid within four months. Payment was not so made. Appellants now contend that plaintiff should be bound by its recital indorsed upon the architect's certificate that the balance of its claim was $1,222.62 instead of $1,778.28. At the time of receiving the $1,000 plaintiff signed the following indorsement on the architect's certificate:

"We have received of the Central Trust Company, $1,000 as per the above certificate and have accepted the same agreeing that the above statement and its appended notes are correct and in accordance with our agreements."

At the time plaintiff entered into the conditional agreement to discount its bill, it had a valid lien for the full amount of its claim which lien was binding on each of these defendants. Plaintiff's agreement to accept less than the full amount due it in discharge of its account was not binding because it was without consideration. *Johnson* v. *Bratton,* 112 Mich. 319. The trust company was in no way prejudiced by applying $1,000 out of the mortgage money which it had in its hands on this account because it has a mortgage lien to secure repayment, and there is no showing in this record that the mortgagee is not secure in obtaining payment to it either from the property or the mortgagors of the full amount of the mortgage debt. The condition upon which plaintiff agreed to discount its bill was not met, and plaintiff should not be bound thereby.

The decree of the circuit court is affirmed, with costs to appellee.

CLARK, C. J., and McDONALD, POTTER, SHARPE, FEAD, WIEST, and BUTZEL, JJ., concurred.