DETROIT TRUST CO. *v.* DETROIT CITY SERVICE CO.

SECRETARY OF STATE *v.* UNION GUARDIAN TRUST CO.

CORPORATIONS—PRIVILEGE FEE—RECEIVERSHIP—DISSOLUTION.
Corporation is subject to privilege fee in nature of excise tax on right to do business after appointment of receiver under decree authorizing him to carry on, operate and conduct the business but not dissolving corporation as prayed for in bill (2 Comp. Laws 1929, § 10140).

Appeal from Wayne; Toms (Robert M.), J. Submitted October 4, 1933. (Docket No. 43, Calendar No. 37,376.) Decided December 5, 1933.

Receivership proceedings by the Detroit Trust Company, a Michigan corporation, as trustee, and others against Detroit City Service Company, a Michigan corporation. Petition by Frank D. Fitzgerald, Secretary of State, to require Union Guardian Trust Company and H. S. Oderman, receivers, to pay the corporation privilege tax for 1931. Petition denied. Petitioner appeals. Reversed and remanded for allowance.

*Patrick H. O'Brien,* Attorney General (*Alice E. Alexander,* of counsel), for appellant.

*Beaumont, Smith & Harris* (*M. S. Harlan,* of counsel), for receivers.

Sharpe, J. On January 16, 1931, certain general creditors of the Detroit City Service Company filed a bill of complaint to secure the appointment of a receiver for the corporation. The Union Guardian Trust Company and H. S. Oderman were duly appointed. In the order appointing them they were—

"authorized to continue, manage, operate and conduct the business of the defendant until the further order of this court, with full authority to carry on, manage, operate and conduct said business, to buy and sell merchandise, supplies or stock in trade, for cash or on credit, and as may be deemed advisable by said receivers."

On June 25, 1931, the Consolidated Public Service Company, a stockholder in the corporation, filed a petition for leave to intervene in said proceeding. It prayed therein that a receiver of the company and its assets be appointed or "the receivership already created in said suit be continued with all the powers and duties set forth in the order appointing receiver

in this cause," and with the further power and authority to continue the business of the corporation, marshal its assets, pay its debts, wind up its affairs, and "distribute the balance of the proceeds among the stockholders as their interest may appear. That upon the winding up of the affairs of said corporation and the distribution of the assets, said corporation be dissolved."

An order permitting intervention was entered, the petition to "stand as and for its intervening bill of complaint." This was followed by an order granted "upon consideration of the verified petition and intervening bill of complaint," and, by consent of the corporation, reappointing the above-named receivers and continuing the receivership then existing, and authorizing and empowering them—

"to continue and carry on the business as conducted by said defendant corporation pending the further order of this court and in the conduct of said business to make such contracts and incur such expense as in its discretion may be necessary."

Creditors and stockholders were enjoined from instituting or prosecuting actions or suits against the corporation, and the receivers were invested with "all of the powers and rights applicable to receivers upon creditors' bills under the rules and practice of this court."

The receivers continued to carry on the ice and coal business in which the corporation was engaged, and are still doing so. No decree of dissolution has been entered.

It further appears that the trustee under a mortgage securing bonds of the corporation has taken proceedings to foreclose it. As the mortgage covered only a part of the real estate owned by the corporation and none of its personal property, the proceed-

ings taken thereunder are immaterial to the issue here presented.

The secretary of State presented a claim to the circuit court commissioner appointed to hear claims against the corporation for the privilege tax for the year 1931, amounting to $6,000, which was disallowed. On review by the circuit court an order was entered disallowing it, from which the secretary of State has taken this appeal.

Section 10140, 2 Comp. Laws 1929, provides for the filing of annual reports and the payment of a fee by corporations, with some exceptions, ''for the privilege of exercising its franchise and of transacting its business within this State.'' The privilege fee thus imposed is in the nature of an excise tax on the right to transact business in this State. *In re G. H. Hammond Co.,* 246 Mich. 179. The amount of the fee is not in dispute. The question here presented is whether the fee is payable after the receivers were appointed and took control of the corporate property.

A question very similar, in our opinion, was presented in *Re Detroit Properties Corp.,* 254 Mich. 523, and it was there held that where a receiver operates the business of a corporation under order of the court the corporation is not divested of its franchise; that ''the tax is on the franchise, and, as the franchise is being exercised by the receiver, the tax is valid.'' While the question was one of first impression in this court, the authorities are reviewed at length and clearly sustain the conclusion reached.

A similar question was presented in *Michigan* v. *Michigan Trust Co.,* 286 U. S. 334 (52 Sup. Ct. 512), and it was held that the construction placed by this court upon the statute in the case above referred to should be followed in the Federal courts.

Counsel insist that as the receivers were reappointed under the bill of the Consolidated Public Service Company, in which a dissolution was prayed for, the holding in *Hurd* v. *Meyer*, 259 Mich. 190, is controlling. In that case a petition for the dissolution of the corporation was filed and a decree dissolving the corporation and appointing a receiver to wind up its affairs was entered. We have set forth at some length the proceedings taken in this case when the stockholders' bill was filed. The order entered was not one for dissolution. It empowered the receivers to carry on, operate and conduct the business of the corporation, apparently in the hope that dissolution would be averted. Upon the hearing in the trial court counsel for the receivers stated that the corporation was—

"still going as a going business now as far as that is concerned. There has been no change in the operation of the business except for the effect of the decree of the court and the people stepping in and asking for a dissolution."

Stress is also laid upon the following language in *Detroit Trust Co.* v. *Detroit City Service Co.*, 262 Mich. 14, 50:

"The equity receivership, particularly in view of the allegations in the second bill of complaint, which were admitted in the answer of the service company, gave the receivers title to all the assets, subject to the liens."

In that case the receivers became possessed of the assets of the corporation for the purpose of carrying on its business under the orders of the court above referred to, and title for that purpose may be said to have passed to them. But the court was not

then speaking of the title with which a receiver becomes vested when appointed in a decree dissolving a corporation under 3 Comp. Laws 1929, § 15315, as was the case in *Hurd* v. *Meyer, supra.*

It follows that the order of the trial court disallowing the claim for the 1931 fee will be set aside, with costs, and the cause remanded with directions to allow the same.

McDonald, C. J., and Weadock, Potter, North, Fead, Wiest, and Butzel, JJ., concurred.