SPARTAN ASPHALT PAVING COMPANY v TRI-CITIES
CONSTRUCTION, INC.

1. MECHANICS' LIENS—RECORDING—NOTICE—STATUTES—PERSONAL
   SERVICE—POSTING—STRICT COMPLIANCE—SUMMARY JUDGMENT.
   Strict compliance, not merely substantial compliance, is man-
   dated by a statute which requires a party recording a state-
   ment of account and lien to serve the property owner or the
   owner's agent with a true copy of the statment or claim within
   ten days of the recording and allows service by posting on the
   premises within five days after the lapse of the ten-day period
   for personal service, if the owner or agent cannot be found in
   the county in which the property is situated within the ten-day
   period; therefore, where a plaintiff served a true copy of the
   statement of account and lien on defendants by posting on the
   premises, owned by one of the defendants, seven days after the
   recording of the statement, because the defendants could not be
   found in the county, there was substantial compliance, but not
   strict compliance, since posting was an improper method of
   service prior to the lapse of the ten-day period requiring
   personal service, and an order for summary judgment for
   defendant was proper (MCLA 570.6; MSA 26.286).

2. APPEAL AND ERROR—EX PARTE AFFIDAVITS—APPELLATE BRIEFS.
   *Ex parte* affidavits, filed for the first time in an appellate brief,
   may not serve to enlarge the record on appeal.

Appeal from Genesee, Ollie B. Bivins, Jr., J.
Submitted January 6, 1976, at Lansing. (Docket
No. 23288.) Decided March 25, 1976.

Complaint by Spartan Asphalt Paving Company,
against Tri-Cities Construction, Inc., U.S. Realty
Investments, Union Lake Associates, and Wood-
ward Development Company to foreclose a me-

REFERENCES FOR POINTS IN HEADNOTES
[1] 53 Am Jur 2d, Mechanics' Liens §§ 355, 374.
[2] 4 Am Jur 2d, Appeal and Error § 528.

chanic's lien on property owned by Union Lake Associates. An order for summary judgment in favor of the defendants was entered. Plaintiff appeals. Affirmed.

*Melvin Bragman (Gary W. Brasseur,* of counsel), for plaintiff.

*Hyman and Rice* (by *Stanley M. Weingarden),* for defendants Union Lake Associates and Woodward Development Co.

Before: DANHOF, P. J., and V. J. BRENNAN and M. J. KELLY, JJ.

PER CURIAM. Plaintiff appeals of right from summary judgment in favor of defendants in a suit to foreclose a mechanic's lien on property owned by the defendants.

Plaintiff brought action in Genesee County. The complaint alleged that the owner, Union Lake Associates, and Woodward Development Co., had entered into a contract with Tri-Cities Construction, Inc., to construct a shopping center and that plaintiff began furnishing asphalt materials and labor on June 12, 1973. On July 10, 1973, plaintiff served the owner with a notice of intent to claim a lien. The last of materials and labor was furnished on August 20, 1973, and on September 12, 1973, plaintiff recorded a statement of account and lien.

Seven days later plaintiff caused the statement of account and lien to be served upon the owner by posting a true copy on the premises owned by defendant Union Lake Associates in Fenton. On March 21, 1974, plaintiff recorded a copy of the proof of service and a true copy of the statement of account and lien with the Genesee County Register of Deeds.

Defendants moved for summary judgment on the ground that plaintiff had not complied with MCLA 570.6; MSA 26.286. In an opinion dated July 19, 1974, the trial court held that the statute mandated strict compliance and that plaintiff had failed to comply with the posting provisions, which was deemed fatal to the attachment of the lien.

MCLA 570.6; MSA 26.286 provides in pertinent part:

"Every person recording such statement or account as provided in the preceding section, except those persons contracting or dealing directly with the owner, part owner or lessee of such premises, shall within 10 days after the recording thereof, serve on the owner, part owner or lessee of such premises, if he can be found within the county or in case of his absence from the county, on his agent having charge of such premises, within the county wherein the property is situated, a copy of such statement or claim; but if neither of such persons can be found within the county where such premises are situated, then such copy shall be served by posting in some conspicuous place on said premises within 5 days after the same might have been served personally, could the principal or agent, as aforesaid, have been found."

The issue raised for our consideration is framed in the trial court's opinion:

"The statute provides that the party recording the statement of lien shall serve the owner or other appropriate party personally within the first 10 days after such recording. If the recording party is then unable to personally serve the owner or other appropriate party within the county, the recording party is allotted 5 more days in which to post a copy of the statement on the premises.

"The undisputed fact of the present case is that

plaintiff sought to fulfill the statute by posting the copy of the statement 7 days after the recording.

"The case law points out that the above statute must be strictly complied with."

We agree and affirm. In *Vorrath v Garrelts,* 35 Mich App 463, 465–466; 192 NW2d 547 (1971), this Court set forth the applicable rule:

" 'Strict' not 'substantial' compliance is the rule of construction concerning the question of whether or not a lien attaches.

"In *Burman v Ewald,* 192 Mich 293, 295 [158 NW 853] (1916), the Court said:

" 'The statute providing for a mechanic's lien, being in derogation of the common law, *must be strictly construed to the point when the lien attaches;* that thereafter, because of its remedial character, a liberal construction may be indulged.' (Emphasis supplied.)"

See also *Wallich Lumber Co v Golds,* 375 Mich 323; 134 NW2d 722 (1965), *Lowrie & Webb Lumber Co v Ferguson,* 312 Mich 331; 20 NW2d 209 (1945), *Grand River Lumber & Coal Co v Glenn,* 234 Mich 310; 207 NW 855 (1926).

The plaintiff urges us to reverse the grant of summary judgment on the authority of *Hurd v Meyer,* 259 Mich 190; 242 NW 882 (1932). In that case the property upon which a lien was claimed was located in Oakland County and defendant resided in Wayne County. A brief recitation of facts is set forth at 195 of the opinion:

"Upon being credibly informed that the owners did not reside in Oakland County, plaintiff's agent posted the claim of lien upon the premises. Personal service was not made upon the owners. There is testimony fairly indicating that Mr. Meyer during the time the building was in the process of construction usually visited the place each Saturday, and that Mrs. Meyer went to the property once in every 2 or 3 days."

As in the instant case, defendant resided in a

county other than the one in which the property was located. There was testimony indicating that defendant could be found at various times in Oakland County, yet the Court held that upon being "credibly informed" that the owner did not reside in Oakland County, the posting complied with the statute.

We decline to apply the holding of *Hurd* to this case because the facts in *Hurd* do not indicate that the posting took place during the first ten days. We presume the contrary; that is, that the posting took place within the exact mandate of the statute, "within 5 days after the same might have been served personally".

For the first time on appeal, plaintiff submits the affidavit of the process server which states that "he was advised that the owners of the premises were located somewhere in the Detroit area, not within the county, and he was further advised that work on the project had been stopped". Thereafter, he went to the job site which appeared to be abandoned and at that time posted the notice. *Ex parte* affidavits, filed for the first time in the appellate brief, may not serve to enlarge the record on appeal. *People v Nelson Johnson*, 58 Mich App 473, 478; 228 NW2d 429 (1975), *People v Taylor*, 383 Mich 338, 362; 175 NW2d 715 (1970).

However we do not believe that the facts asserted in the affidavit would require us to reach a different result. Quite the contrary—we would reach the same result. This is an historically highly technical area of creditor's rights and real estate law and we are unwilling to inject a substantial compliance ruling. We readily admit that the plaintiff in this case could be said to have substantially complied with the statute. We are unable to say, however, that it strictly complied.

Judgment affirmed. Costs to appellees.