RICHTER v MONARCH STAMPING COMPANY

Docket No. 78-3787. Submitted June 20, 1979, at Detroit.—Decided November 14, 1979.

Marvin J. Richter suffered a hernia in April of 1974 while employed by Townsend & Bottum, Inc., for which he received benefits until September, 1974. He had previously been employed, through June, 1973, by Monarch Stamping Company. During treatment of the hernia it was discovered that Richter also suffered from emphysema. In September of 1974 he filed a petition for benefits with the Bureau of Workmen's Compensation, claiming entitlement to further benefits from Townsend & Bottum and its insurer for the hernia, from Monarch and its insurer for the lung condition, and from several other employers and their insurers, who were dismissed. Copies of the petition were mailed to the employers in December, 1974. The administrative law judge disallowed any further benefits for the hernia and found no compensable injury arising from the employment with Monarch. Richter appealed and the Worker's Compensation Appeal Board affirmed as to the claim against Townsend & Bottum and reversed as to the claim against Monarch, finding that Richter did suffer a work-related disability, but denied benefits for failure to comply with the requirement that a claimant must notify an employer of an occupational disease within 120 days of the disablement. Richter appeals by leave granted. *Held:*

Richter's uncontradicted testimony indicated that it was more than 120 days after he first learned of the compensable nature of his lung disability when notice was first given to the employer. The burden of sending timely notice is upon the injured employee, not upon the Bureau of Workmen's Compensation. Richter failed to meet the notice requirement.

Affirmed.

1. Workmen's Compensation — Worker's Compensation Appeal Board — Findings of Fact — Appeal and Error.

Findings of fact made by the Worker's Compensation Appeal

References for Points in Headnotes

[1] 82 Am Jur 2d, Workman's Compensation § 552.

[2] 82 Am Jur 2d, Workman's Compensation § 442 *et seq.*

Board are binding on the Court of Appeals if there is evidence on the record in support of those findings.

2. WORKMEN'S COMPENSATION — NOTICE OF INJURY — CLAIM FOR BENEFITS.

The burden of sending notice of an injury to an employer and of submitting a claim for worker's compensation benefits is upon the injured employee; employees cannot rely on the Bureau of Workmen's Compensation to discharge what has traditionally been a claimant's responsibility.

*Benjamin & Goldfine,* for plaintiff.

*Patrick J. Dugan,* for Monarch Stamping Company and Employers Mutual Liability Insurance Company.

*Sommers, Schwartz, Silver & Schwartz, P.C.* (by *John F. Vos, III),* for Townsend & Bottum, Inc. and Michigan Mutual Insurance Company.

*Conklin, Benham, McLeod, Ducey & Ottaway, P.C.* (by *Martin L. Critchell),* for Ralph M. Parsons Company and American Motorists Insurance Company.

Before: BASHARA, P.J., and D. E. HOLBROOK, JR. and J. C. DANER,* JJ.

PER CURIAM. Plaintiff appeals from a Worker's Compensation Appeal Board ruling denying him benefits for failure to comply with the 120-day notice requirement of MCL 418.441; MSA 17.237(441).

Plaintiff was employed by defendant Townsend & Bottum from May 1970 to April 1974 as a carpenter's helper. He was also employed by the defendant Monarch from 1965 to June 1973 as a press operator and parts finisher.

In April of 1974, plaintiff suffered a hernia.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Compensation benefits were paid through September of 1974, however, plaintiff never returned to work due to a layoff. It was during treatment of the hernia that plaintiff's physician discovered he had emphysema.

On September 16, 1974, plaintiff filed a petition with the Bureau of Workmen's Compensation claiming a personal injury against Townsend and a lung disability against Monarch. The petition was not mailed to the defendants by the bureau until December 17, 1974.

Testimony indicated that plaintiff had conferred with his attorney concerning his lung problems and the working conditions at both Monarch and Townsend one month prior to filing the petition. However, plaintiff's counsel avers that the date was September 10, 1975.

At the hearing, the administrative law judge disallowed any further compensation for the hernia with respect to Townsend, and found no personal injury arising from the course of employment with Monarch.

The appeal board reversed the decision as to Monarch, finding that plaintiff's lung condition constituted a work-related disability, but ruled that plaintiff was not entitled to benefits for failure to comply with the 120-day notice requirement.

Plaintiff argues that such a ruling violates his fundamental due process rights since it was the procrastination of the Bureau of Workmen's Compensation which was responsible for the late notice.

The question of notice of injury is one of fact and the findings of the appeal board are binding on this Court if there is evidential support. *Smith*

*v Kelsey-Hayes Co (After Remand),* 404 Mich 70, 73; 273 NW2d 1 (1978).

Plaintiff's uncontradicted testimony at the hearing was that he conferred with his attorney approximately a month before the petition was filed.[1]

Plaintiff's argument that a timely claim submitted pursuant to MCL 418.381; MSA 17.237(381) satisfies the notice requirement is also without merit. Section 381 provides that no proceeding for compensation shall be maintained unless notice has been given to the employer within three months *and* unless the claim is made within six months.

The burden to send notice within the requisite time period is that of the plaintiff-employee. *Lewis v Chrysler Corp,* 394 Mich 360; 230 NW2d 538 (1975), *Ramos v Production Steel Co,* 87 Mich App 30; 273 NW2d 578 (1978).

Employees cannot rely on the Bureau of Workmen's Compensation to discharge what has traditionally been a claimant's responsibility. *Thomas v Griffin Wheel Co,* 8 Mich App 35, 55; 153 NW2d 387 (1967).

Affirmed.

---

[1] This Court cannot consider the sworn affidavit of counsel since it was filed for the first time on appeal. *Spartan Asphalt Paving Co v Tri-Cities Construction, Inc,* 68 Mich App 305, 309; 242 NW2d 565 (1976).