CHADWICK v CHRYSLER CORPORATION

Docket No. 47047. Submitted October 15, 1980, at Detroit.—Decided November 16, 1981. Leave to appeal applied for.

Burl Chadwick was employed by Chrysler Corporation from 1946 to 1970. In 1961 he sustained a serious hand injury which caused him to be off work until 1963. After that time he believed that he was being harassed and ridiculed by his supervisors and fellow employees. He was discharged in 1970 for fighting with another employee. An initial claim for benefits was filed in 1973 against Chrysler and the Second Injury Fund, and, in March, 1974, Chadwick's second amended petition alleged total and permanent disability as a result of his mental condition. The Workers' Compensation Appeal Board found that Chadwick was incurably insane and that this disability was work-related. They also held that the date of injury was Chadwick's last day of employment, November 27, 1970, and that because his claim was not filed within 90 days of that date he was not entitled to benefits. Chadwick appeals by leave granted, alleging that he did notify Chrysler of his "nervous condition" on the last day of his employment. Chrysler alleges that the appeal board erred in finding Chadwick to be totally and permanently disabled as a result of insanity. *Held:*

1. The appeal board's factual conclusion that Chadwick did not notify Chrysler of his mental disability at the time of his discharge is supported by the record and will not be reversed on appeal.

2. The record adequately supports the appeal board's findings of incurable insanity.

3. The test to be applied to the notice provision of the Worker's Disability Compensation Act is that the 90-day notice period begins to run only after the employee has knowledge or reasonable grounds for knowledge of his disability and has discovered or by reasonable diligence could discover that his

REFERENCES FOR POINTS IN HEADNOTES
[1] 82 Am Jur 2d, Workmen's Compensation § 552.
[2] 82 Am Jur 2d, Workmen's Compensation §§ 301, 302.
[3] 82 Am Jur 2d, Workmen's Compensation §§ 442, 486–488.

disability may be work-related. In this case there was testimony that Chadwick's mental condition was unknown to him until the time of a doctor's report in February, 1974. Chadwick himself testified that he believed himself to be sane. The testimony conflicted regarding whether the insanity was work-related. Thus, there was evidence which may support a finding that notice was timely. The case is to be remanded for development of a further record for determination of when the period for notice began to run.

Reversed and remanded.

1. WORKERS' COMPENSATION — FINDINGS OF FACT — CONSTITUTIONAL LAW — STATUTES.

Findings of fact made by the Workers' Compensation Appeal Board are conclusive in the absence of fraud (Const 1963, art 6, § 28, MCL 418.861; MSA 17.237[861]).

2. WORKERS' COMPENSATION — MENTAL ILLNESS — INSANITY.

A worker's mental illness is "insanity" for purposes of the Worker's Disability Compensation Act if he suffers severe social dysfunction; that is, if he suffers social dysfunction which affects the quality of his personal, nonvocational life in significant activity comparably to the loss of two body members or sight of both eyes, and such a dysfunction is incurable if it is unlikely that normal functioning can be restored.

3. WORKERS' COMPENSATION — NOTICE OF DISABILITY — INSANITY — LIMITATION OF ACTIONS.

The statutory period within which a workers' compensation claimant is required to give notice of the injury or disease to his employer begins to run only after (1) the employee has knowledge or reasonable grounds for knowledge of his disability and (2) he has discovered or by reasonable diligence could discover that his disability may be work-related (MCL 418.381; MSA 17.237[381]).

*Kelman, Loria, Downing, Schneider & Simpson* (by *Rodger G. Will),* for plaintiff.

*Lacey & Jones* (by *Stephen Jay Schwartz),* for Chrysler Corporation.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Caleb B. Mar-*

*tin, Jr.,* Assistant Attorney General, for the Second Injury Fund.

Before: BRONSON, P.J., and D. E. HOLBROOK, JR., and R. M. RANSOM,* JJ.

R. M. RANSOM, J. This is an appeal from the denial of plaintiff's claim for psychiatric disability benefits filed pursuant to the Worker's Disability Compensation Act of 1969, MCL 418.101 *et seq.;* MSA 17.237(101) *et seq.* A decision of the Workers' Compensation Appeal Board reversed an earlier referee's decision which had found plaintiff permanently and totally disabled and entitled to benefits. The appeal board concluded that plaintiff had sustained the burden of proof, proving his work-related mental disability by a preponderance of the evidence, but found plaintiff had not timely notified defendant Chrysler Corporation of his claim pursuant to § 381 of the act, MCL 418.381; MSA 17.237(381). Plaintiff appeals this adverse determination by leave granted.

## FACTS

Plaintiff commenced employment with Chrysler Corporation in October, 1946, as a press operator. On October 14, 1961, plaintiff sustained a serious injury to his right hand when it was crushed by a press. The resulting injuries necessitated lengthy medical treatment, several surgical procedures and the amputation of his right ring finger. Plaintiff returned to Chrysler in 1963 and worked until November, 1970. Plaintiff's employment was marred by the belief that he was being harassed and ridiculed by his fellow employees and various

* Circuit judge, sitting on the Court of Appeals by assignment.

supervisors. On November 27, 1970, plaintiff was discharged for fighting with another employee.

Plaintiff's attorney filed a claim for benefits on March 8, 1973, alleging right hand disability and disabling lung pathology. An amended petition was filed on January 22, 1974, additionally claiming functional or emotional problems. A second amended petition, filed on March 4, 1974, alleged total and permanent disability as a result of plaintiff's mental condition.

After evaluating the testimony of three psychiatrists, among others, the hearing referee found plaintiff totally and permanently disabled as of February 5, 1974, the date of last examination by Dr. Bruce Danto, a board certified psychiatrist.

The Workers' Compensation Appeal Board found plaintiff had proven, by a preponderance of the evidence, that he was incurably insane and that his disability was work-related. It held the date of injury to be plaintiff's last day of employment, November 27, 1970, from which the statutory period of notice of claim began to run and that plaintiff failed to timely notify defendant Chrysler Corporation of his claim within 90 days pursuant to § 381 of the Worker's Disability Compensation Act.

## ISSUES

The essential question posed by this appeal is whether the Workers' Compensation Appeal Board erred in finding plaintiff ineligible for workers' compensation benefits for failure to give notice of claim within 90 days of his date of injury, when plaintiff is totally and permanently disabled by reason of work-related incurable insanity.

Both plaintiff and defendants argue the Work-

ers' Compensation Appeal Board erred in making certain findings of fact. These factual challenges will be addressed and resolved first.

### DISCUSSION

#### I. *Factual Issues*

Plaintiff argues that the record before the administrative referee established that plaintiff did notify defendant Chrysler of his "nervous condition" on the last day of his employment.

Defendant Chrysler argues that the appeal board erred in finding defendant totally and permanently disabled as a result of insanity.

We reject both arguments. The Workers' Compensation Appeal Board's findings of fact are conclusive in the absence of fraud. Const 1963, art 6, § 28, MCL 418.861; MSA 17.237(861), *Derwinski v Eureka Tire Co,* 407 Mich 469; 286 NW2d 672 (1979).

The record established before the administrative referee does not support plaintiff's position that he notified defendant of his mental condition on the day of his termination. While defendant could be charged with, and acknowledges, notice of plaintiff's 1961 hand injury and his inability to peacefully work with fellow employees, this is not tantamount to being informed of a mental disability. In short, the appeal board's factual conclusion that plaintiff did not notify defendant is supported on the record and will not be reversed on appeal. *Smith v Kelsey-Hayes Co (After Remand),* 404 Mich 70; 273 NW2d 1 (1978), *Richter v Monarch Stamping Co,* 94 Mich App 766; 288 NW2d 360 (1979).

Defendant Chrysler's challenge to the board's finding of total and permanent disability is like-

wise not persuasive under the above standard of review.

In *Redfern v Sparks-Withington Co,* 403 Mich 63, 85; 268 NW2d 28 (1978), the Supreme Court defined "insanity" for purposes of the Worker's Disability Compensation Act as follows:

"We conclude that a worker's mental illness is 'insanity' if he suffers severe social dysfunction * * *. Social or cognitive dysfunction is 'severe' if it affects the quality of the worker's personal, nonvocational life in significant activity comparably to the loss of two members or sight of both eyes, and is incurable if it is unlikely that normal functioning can be restored."

While testimony of three psychiatrists introduced at the hearing was not entirely consistent, there was psychiatric testimony from which a finding of incurable insanity could be made. Plaintiff suffered from severe anxiety, depression and paranoia both on and off the job. It was opined that the injury to his right hand in 1961 was a precipitative event to plaintiff's mental condition. The record adequately supports the board's finding of incurable insanity.

## II. *Notice Issue*

The appeal board found plaintiff incurably insane, but interpreted the notice provisions of the act so as to deny plaintiff's claim for benefits. It is with this legal interpretation and application of the act that we disagree.

The notice requirements of the act are contained within § 381 which provides, in pertinent part:

"No proceedings for compensation for an injury under this act shall be maintained, unless a notice of the injury has been given to the employer within 3 months after the happening thereof *and* unless the claim for

compensation with respect to the injury * * * has been made within 6 months after the occurrence of the same; * * * or in the event of his physical or mental incapacity, within the first 6 months during which the injured employee is not physically or mentally incapacitated from making a claim." MCL 418.381; MSA 17.237(381). (Emphasis added.)

Section 381 contains both a notice requirement and a limitation period for filing a claim for benefits. Our concern here is with the notice requirement. Section 381 requires that notice be given within three months after the "happening" of the injury. The happening of the injury in this case is determined by § 301 of the act which provides in pertinent part:

"Time of injury or date of injury as used in this act in the case of a disease or in the case of any injury not attributable to a single event shall be the last day of work in the employment in which the employee was last subjected to the conditions resulting in disability or death." MCL 418.301; MSA 17.237(301).

The appeal board properly applied § 301 as follows:

"Plaintiff's psychiatric disability is not related solely to the 1961 injury for reasons explained above; disability is the product of the underlying mental condition, the 1961 injury and plaintiff's perception of employment events (whether real or imaginary) thereafter. Thus, the only 'date of injury' is the last day of employment, November 27, 1970."

Defendant could not be said to have been notified of plaintiff's claim of mental disability until March 4, 1974, the date plaintiff filed his second amended petition. However, § 381 has not been interpreted so literally as to deny a claim for

benefits, no matter what the circumstances, if the three-month period is exceeded. Starting with *Finch v Ford Motor Co,* 321 Mich 469; 32 NW2d 712 (1948), and *Jordon v Michigan Malleable Iron Co,* 363 Mich 256; 109 NW2d 832 (1961), the Supreme Court has struck a balance to insure that the interests of the employer are protected while also insuring that the claimant is not held to unreasonable or rigid requirements which would make compliance virtually impossible in some cases. See *Lewis v Chrysler Corp,* 394 Mich 360; 230 NW2d 538 (1975). In the *Finch* and *Jordon* decisions, the Supreme Court interpreted the counterpart of § 381 in the former Workmen's Compensation Act to require that the claimant give notice 'within such time after the injured employee has knowledge or reasonable ground for knowledge of his disability". *Finch, supra,* 476. See also *Brown v Revere Copper & Brass Corp,* 42 Mich App 143; 201 NW2d 326 (1972), *Tillotson v Penn-Dixie Cement Corp,* 47 Mich App 427; 209 NW2d 611 (1973).

In *Lewis v Chrysler Corp, supra,* 367-369 the Supreme Court, in considering the notice requirement of § 381, stated:

"The general rule, as set forth in 3 Larson's Workmen's Compensation, recognizes this principle:

" 'The time period for notice or claim does not begin to run until the claimant, as a reasonable man, should recognize the nature, seriousness and *probable compensable character of his injury* or disease.' (Emphasis added.) (Footnote omitted.) § 78.41, p 47.

"Courts in Michigan, as well, have concluded that the notice period may not run during that time in which the employee lacked the knowledge that his disability was work-related. *Brown v Revere Copper & Brass Corp,* 42 Mich App 143; 201 NW2d 326 (1972); *Tillotson*

*v Penn-Dixie Cement Corp,* 47 Mich App 427; 209 NW2d 611 (1973).

"Judge BASHARA, speaking for the Court in *Tillotson,* at once captured the spirit of our decisions in *Finch, supra,* and *Jordon, supra,* and the intent of the Legislature when he set forth the following test:

" '[T]he time period runs when the employee has knowledge or reasonable grounds for knowledge of the disability and when he discovers or by reasonable diligence could discover that this disability may be work-related.' 47 Mich App 427, 432.

"This test, cast in fairness and reason, is one which we would be hard pressed to improve upon. However, we see no reason to restrict such a rule to cases involving only occupational diseases vis-à-vis personal injuries.

"Any preoccupation with drawing an artificial line between 'personal injuries' and occupational diseases for notice requirement purposes ignores the fact that many disabilities result from a combination of factors— some properly characterized as injuries and others as diseases. * * *

"Consequently, the test to be applied to the notice provision under the Workmen's Compensation Act, *regardless of the type of disability,* is that the statutory period of notice commences to run *only after:*

"(1) the employee has knowledge or reasonable grounds for knowledge of this disability; and

"(2) the employee has discovered or by reasonable diligence could discover that his disability may be work-related." (Emphasis added.)

We find the *Lewis* test applicable to a compensation claim based upon mental disability.

It is particularly evident in a case involving insanity that the claimant may not know the nature of his disability or the nexus between that disability and his employment. *Cf. Lewis, supra,* 369, 370. Therefore, it may seem ludicrous to suggest that the test to be applied to the notice provision under the Worker's Disability Compensa-

tion Act, when a claimant suffers from insanity, involves determining when the claimant had "reasonable grounds for knowledge of the disability" and with "reasonable diligence" could have discovered that the disability may be work-related. However, we believe the test is appropriate in an insanity case when evaluated by a subjective standard in terms of what can be expected of the claimant who is insane. Such interpretation is consistent with the remedial nature of the Worker's Disability Compensation Act. See *Gross v Great Atlantic & Pacific Tea Co,* 87 Mich App 448; 274 NW2d 817 (1978), *Rice v Michigan Sugar Co,* 83 Mich App 508; 269 NW2d 202 (1978), *Rodwell v Pro Football, Inc,* 45 Mich App 408; 206 NW2d 773 (1973).

The appeal board made no finding of fact as to when plaintiff knew of his disability, or as to when plaintiff discovered, or by reasonable diligence could have discovered, that his disability may be work-related.

Plaintiff testified that he believed himself to be sane. Dr. Danto concluded that plaintiff's psychosis was unknown to him (plaintiff). Thus, there is some evidence on the record which would indicate plaintiff did not have knowledge of his condition until Dr. Danto's report of February 5, 1974, in which event the March 4, 1974, amended petition may have provided timely notice.

The board certified psychiatrists who testified in this case could not agree as to whether plaintiff's mental condition was work-related. Knowledge by plaintiff that he had a nervous condition does not necessarily mean that plaintiff had facts from which it could be inferred that plaintiff should have known his mental condition was work-related.

On the other hand, plaintiff's testimony suggested that he knew before February 5, 1975, that his "nervous condition" was work-related.

The current record is not such that necessary determinations can be made with confidence.

## CONCLUSION

We remand this case to the Workers' Compensation Appeal Board for the purpose of developing a further record and applying the criteria set forth in *Lewis v Chrysler Corp, supra,* to make factual determinations from which it can be determined when the time period for notice pursuant to § 381 commenced to run; *i.e.,* when plaintiff, evaluated in the perspective of his insanity disability, (1) had knowledge or reasonable grounds for knowledge of this disability, and (2) discovered or by reasonable diligence could have discovered that his disability may be work-related.

Reversed and remanded.