GOLDEN v BAGHDOIAN

Docket No. 193775. Submitted September 3, 1996, at Detroit. Decided March 11, 1997, at 9:00 A.M.

Charles Golden brought an action in the Wayne Circuit Court against Michael Baghdoian, M.D., a board-certified orthopedic surgeon, and Orthopedic Associates, P.C., alleging medical malpractice. The defendants moved to strike two of the plaintiff's proposed expert witnesses on the basis that they were not board-certified specialists in orthopedic surgery and thus were not qualified pursuant to MCL 600.2169(1)(a); MSA 27A.2169(1)(a) to testify with regard to the appropriate standard of care. The court, Kaye Tertzag, J., declared that § 2169(1)(a) was in conflict with MRE 702 and was thus an unconstitutional infringement on the Supreme Court's exclusive rule-making power and denied the defendants' motion to strike the expert witnesses. The defendants sought leave to appeal. The Court of Appeals, in lieu of granting or denying leave to appeal, issued a peremptory opinion.

The Court of Appeals *held*:

The trial court's orders must be affirmed on the basis of the holding in *McDougall v Eliuk*, 218 Mich App 501 (1996). Although the position taken by the dissent in *McDougall* that § 2169(1)(a) is substantive law and thus not in conflict with the rule-making authority of the Supreme Court appears to be the better-reasoned position, adherence to the holding of the majority in *McDougall* is compelled by Administrative Order No. 1996-4.

Affirmed.

WAHLS, P J, concurring in part and dissenting in part, stated that leave to appeal should have been denied on the basis that *McDougall v Eliuk*, 218 Mich App 501 (1996), was correctly decided and that it was unnecessary to issue a peremptory opinion.

WITNESSES — EXPERT WITNESSES — MEDICAL MALPRACTICE ACTIONS.

The statute that imposes requirements regarding the qualification of an expert witness in a medical malpractice action against a specialist beyond those required by the rule of evidence governing expert witnesses conflicts with the rule of evidence and violates the Separation of Powers Clause of the Michigan Constitution; the rule-making power of the Supreme Court in matters of practice and pro-

cedure, including rules of evidence, is superior to that of the Legislature (MCL 600.2169[1][a]; MSA 27A.2169[1][a]; MRE 702; Const 1963, art 6, § 5).

*Lakin, Worsham & Victor, P.C.* (by *Sanford N. Lakin* and *Ron S. Kirsch*), for the plaintiff.

*Plunkett & Cooney, P.C.* (by *Robert G. Kamenec*), for the defendants.

Before: WAHLS, P.J., and SAAD and YOUNG, JJ.

YOUNG, J. Defendants seek leave to appeal a pretrial ruling of the Wayne Circuit Court, declaring § 2169(1)(a) of the Revised Judicature Act, MCL 600.2169(1)(a); MSA 27A.2169(1)(a), as amended in 1993[1] to be in conflict with MRE 702 and therefore violative of the Michigan Supreme Court's exclusive rule-making power under Const 1963, art 6, § 5. In light of the importance of this issue, both to our jurisprudence and to our constitutional scheme of state government, Const 1963, art 3, § 2, in lieu of granting or denying leave we have opted to issue this peremptory opinion. *Herron v Biggies Wolf Den, Inc*, 201 Mich App 599, 600; 506 NW2d 906 (1993); *Kerby v*

---

[1] MCL 600.2169(1); MSA 27A. 2169(1) provides:

In an action alleging medical malpractice, a person shall not give expert testimony on the appropriate standard of practice or care unless the person is licensed as a health professional in this state or another state and meets the following criteria:

(a) If the party against whom or on whose behalf the testimony is offered is a specialist, specializes at the time of the occurrence that is the basis for the action in the same specialty as the party against whom or on whose behalf the testimony is offered. However, if the party against whom or on whose behalf the testimony is offered is a specialist who is board certified, the expert witness must be a specialist who is board certified in that specialty.

*Judges' Retirement Bd of Michigan*, 166 Mich App 302, 303; 420 NW2d 195 (1988).[2]

In this medical malpractice action, defendant Baghdoian is a board-certified orthopedic surgeon. Notwithstanding the fact that this action concerns the care provided by an orthopedic surgeon, plaintiff proposes to use infectious-disease specialists, i.e., physicians who are not board-certified in orthopedic surgery, whom plaintiff advised the trial court would testify concerning the relevant standard of care.[3] The

---

[2] Ordinarily, before addressing the constitutionality of the statute, we would be duty-bound to examine alternative nonconstitutional grounds of adjudication that might obviate the necessity of deciding a constitutional question. *United States v Int'l Union, UAW-CIO*, 352 US 567; 77 S Ct 529; 1 L Ed 2d 563 (1957); *Lisee v Secretary of State*, 388 Mich 32, 40-41; 199 NW2d 188 (1972); *Consolidation Coal Co v Dep't of Treasury*, 141 Mich App 43, 53; 366 NW2d 587 (1985). However, we are precluded from doing so in this case for two reasons.

First, the trial court expressly stated that, because the dispute could be resolved on a constitutional basis, it had no reason to consider other nonconstitutional aspects of the issue. Consequently, the trial court's action limited the record available for review. We disapprove generally of any refusal by a trial court to allow a party to make a record that would facilitate appellate review and specifically of a trial court's action limiting the record in cases involving constitutional issues without reflecting on the central principle that constitutional adjudication is a last resort. However, we are faced in this case with appellants seeking review of an adverse ruling, and they are entitled to have this Court address the issue on the basis of the record as it exists.

Second, although counsel for appellee has now advanced an argument suggesting that the constitutional issue need not be reached, this argument depends on facts not of record—a problem attributable to the trial court's mishandling of the constitutional issue. Nonetheless, in the absence of a motion by appellee to amend the record, MCR 7.216(A)(4), we must consider the actual record and cannot evaluate material that is not of record. *In re Norris Estate*, 151 Mich App 502, 507; 391 NW2d 391 (1986); *Spartan Asphalt Paving Co v Tri-Cities Constr Co*, 68 Mich App 305, 309; 242 NW2d 565 (1976).

[3] Plaintiff, in fact, attached to his complaint an affidavit by one of his infectious-disease specialists opining on the standard of care. Plaintiff's intention to evade the requirements of RJA § 2169 is quite evident in the record. Plaintiff's counsel argued to the trial court that "there are issues and maladies that are involved that would be dealt with by multiple disci-

statute at issue would preclude expert testimony concerning the standard of care by other than a board-certified orthopedic surgeon. See MCL 600.2169(1)(a); MSA 27A.2169(1)(a). The rule of evidence promulgated by the Supreme Court, however, allows the trial court to consider whether these witnesses could qualify as experts regarding defendant Baghdoian's standard of care, if it finds that they were qualified on the basis of their "knowledge, skill, experience, training, or education." MRE 702.

Defendants brought a motion to strike plaintiff's proposed experts, arguing that they were unqualified to testify regarding the appropriate standard of care pursuant to RJA § 2169(1)(a). Plaintiff responded that the procedure for qualifying a witness under MRE 702 prevailed over the procedure contemplated by RJA § 2169 because the Supreme Court's rule-making authority in matters of practice and procedure is superior to that of the Legislature, Const 1963, art 6, § 5. In a written opinion, the trial court agreed, holding that RJA § 2169 is unconstitutional. Defendants now challenge the court's ruling concerning the constitutionality of RJA § 2169.

The same constitutional argument advanced by plaintiff and accepted by the trial court was recently addressed by this Court in *McDougall v Eliuk*, 218 Mich App 501; 554 NW2d 56 (1996).[4] On the basis of

---

plines. For example, I used the example of a common cold could [sic] be treated by a family practitioner, a general practitioner, a *gynecologist*, a number of physicians." (Emphasis supplied.)

[4] In 1993, the Legislature amended the statute at issue in *McDougall*, adding, inter alia, the following requirement: if the party against whom testimony is offered is a board-certified specialist, the proposed expert must also be board-certified in the same specialty. MCL 600.2169(1)(a); MSA 27A. 2169(1)(a); see also *McDougall, supra* at 505, n 3. This amend-

*McDougall*, we affirm the decision of the trial court in the case at bar, but only by virtue of our obligation, under Administrative Order No. 1996-4, which continues in effect Administrative No. Order 1994-4, to follow a prior published decision of another panel of this Court issued after November 1, 1990.

Were we writing on a clean slate, we would adopt the reasoning of Judge CLIFFORD TAYLOR, set forth in his dissent in *McDougall, supra* at 509-519. As noted in Judge TAYLOR's dissent, the rule-making power conferred on the Michigan Supreme Court by Const 1963, art 6, § 5 properly trumps legislatively engendered rules of evidence only when " 'no clear legislative policy reflecting considerations other than judicial dispatch of litigation can be identified.' " *Id.* at 515, n 6; *Kirby v Larson*, 400 Mich 585, 598; 256 NW2d 400 (1977) (WILLIAMS, J., KAVANAGH, C.J., and LEVIN J., concurring), quoting 3 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), p 404.[5] Judge TAYLOR's dissent identifies the sundry legislative policies underlying RJA § 2169, none of which involve judicial dispatch of litigation, but rather all of which reflect considerations of public policy peculiarly within the legislative sphere and the legislative competence, and equally outside the sphere and competence of the judicial authority. Indeed, the *McDougall* majority did not even attempt to respond to Judge TAYLOR's argument that RJA § 2169 is a substantive rule of law, as opposed to a purely procedural piece of legislation.

---

ment does not materially alter the analysis of the *McDougall* majority or the binding effect of its opinion. Were we to conclude otherwise, the bar of Administrative Order No. 1996-4 would not apply, and we would summarily reverse the decision of the trial court.

[5] The remaining justices expressed no opinion concerning this issue. See *Kirby, supra*, 400 Mich 658-659.

We conclude, as did Judge TAYLOR, that RJA § 2169 is an enactment of substantive law. *McDougall, supra,* at 516-519.

Failure to recognize the distinction between *procedural* rules of evidence and evidentiary rules of substantive law underlain by carefully balanced political considerations appertaining exclusively to the Legislature, Const 1963, art 4, § 1, has led the majority in *McDougall* to a contrary and incorrect conclusion concerning the allocation of authority between the judicial and legislative branches of our government.

But for Administrative Order No. 1996-4, we would reverse the decision of the trial court in this cause and remand with instructions that plaintiff's expert witnesses could not testify regarding the applicable standard of care.

Affirmed.

SAAD, J., concurred.

WAHLS, P.J. *(concurring in part and dissenting in part).* Because I would deny leave to appeal, I write separately. First, I believe that *McDougall v Eliuk,* 218 Mich App 501; 554 NW2d 56 (1996), was correctly decided. See *Cicola v Rosenthal,* unpublished opinion per curiam of the Court of Appeals, issued November 8, 1996 (Docket No. 185594). Second, I believe that the *McDougall* Court gave thorough consideration to the underlying constitutional issue. Accordingly, I find it unnecessary to issue a peremptory opinion in order to resolve this issue. With an application for leave to appeal in *McDougall* pending before the Supreme Court, I believe that a decision on the merits of this issue is properly before the Supreme Court.

In addition, when granting a motion for leave to appeal, I believe that it is preferable to grant the motion and allow the appeal to proceed. See MCR 7.205(D)(3). Although the issuing of a peremptory opinion appears to be permitted under MCR 7.205(D)(2), such a procedure prevents oral argument and hinders full development of the underlying issues.