ROSENBERG *v.* KOPTUR.

1. ESTATES OF DECEDENTS—JURISDICTION OF PROBATE COURT—FRAUD
   —EVIDENCE.
   Claims of fraudulent conduct upon part of defendants, administratrix, petitioner for probate of a decedent's estate, and former
   attorney for administratrix of estate, in representing that a codefendant, a cousin of decedent, was the sole heir of decedent,
   instead of plaintiff's principal, a resident of Russia and alleged
   to be decedent's brother, *held,* not sustained under record presented showing successive appearances of various law firms, representing the alleged Russian heir, whose efforts were ineffective
   to challenge jurisdiction of the probate court (CL 1948,
   § 702.51).

2. SAME—PROBATE COURT—CHALLENGE TO JURISDICTION.
   Challenges to the jurisdiction of the probate court in the matter
   of probating the estate of a decedent may be made only in the
   original probate proceeding or on appeal therefrom unless the
   failure of jurisdiction appears on the record (CL 1948,
   §§ 701.21, 702. 51).

3. SAME—PROBATE COURT—JURISDICTION—COLLATERAL ATTACK.
   A petition for administration of the estate of a decedent which
   sets forth all facts essential to confer jurisdiction upon the
   probate court confers jurisdiction upon such court which may
   not be challenged by a collateral attack in a chancery suit
   (CL 1948, §§ 701.21, 702.51).

Appeal from Wayne; Brown (Ernest W.), J.,
presiding. Submitted April 11, 1961. (Docket No.
54, Calendar No. 48,883.) Decided September 21,
1961. Rehearing denied November 30, 1961.

REFERENCES FOR POINTS IN HEADNOTES
[1] 24 Am Jur, Fraud and Deceit § 255 *et seq.*
[2] 14 Am Jur, Courts § 191 *et seq.*
[3] 14 Am Jur, Courts § 8.

Bill by Aaron Rosenberg, attorney in fact for Grigory Lvovich Koptur and other foreign heirs, against Jakob Koptur, Cass Piotrowski, and Mary Sztuk to invalidate probate proceedings as fraudulent and to impress trust on sums received by reason thereof. Bill dismissed. Plaintiff appeals. Affirmed.

*I. R. Starr,* for plaintiff.

*Riseman, Lemke & Piotrowski (Harry Riseman,* of counsel), for defendants.

Souris, J. This is a chancery suit by which plaintiff sought to attack collaterally probate court proceedings on the ground of fraud. The chancellor, Circuit Judge Ernest W. Brown sitting in Wayne county, ruled at conclusion of the trial that plaintiff failed to prove fraud and dismissed his bill of complaint.

Plaintiff sued as attorney in fact for Grigory Koptur, alleged to be a brother of the decedent whose estate was administered in the probate court proceedings, and 4 alleged nieces of decedent who, it is claimed, are daughters of a predeceased brother of decedent. Cass Piotrowski, one of the defendants, is a member of the State Bar. It is plaintiff's claim that Mr. Piotrowski committed fraud in preparing and presenting to the probate court a petition for administration of decedent's estate in which Jakob Koptur, another defendant, was described as decedent's cousin and sole heir-at-law while knowing that Grigory Koptur, decedent's brother, was still alive and residing in Russia. Plaintiff claims that at the hearing on the petition for administration Mr. Piotrowski deliberately misled Wayne county Probate Judge Thomas C. Murphy into believing that Grigory Koptur was Jakob's brother,

rather than decedent's, with the result that Judge Murphy inserted the name of Grigory in the petition in his own handwriting and described him as decedent's cousin. Plaintiff refers to the provisions of CL 1948, § 702.51 (Stat Ann 1943 Rev § 27.3178-[121]), as the motivation for Mr. Piotrowski's alleged fraud and deception, for if Grigory, a brother, survived decedent, Jakob, a mere cousin, would be disqualified by that section of the probate code from petitioning for administration of the estate.

Judge Brown, in his very carefully prepared opinion, found "that none of the allegations of fraud charged against any of the 3 defendants has been proven." Our review of the evidence produced by plaintiff leads us to the same conclusion. The mistaken description of Grigory on the petition for administration resulted, as the chancellor found, from a confusion in the use of pronouns during Mr. Piotrowski's examination of the third defendant, Mary Sztuk, who was appointed administratrix. Mrs. Sztuk testified that Jakob was decedent's only relative in this country and that he had received a letter from "his brother" (meaning decedent's brother, Grigory) 3 years before from Russia. Unfortunately, the probate judge concluded that the letter was from Jakob's brother, Grigory, and so described Grigory on the petition as another cousin of decedent rather than as his brother. Although the probate judge's perfectly understandable confusion is evident from a reading of the colloquy between the judge and the witness appearing in the record of the proceedings, we are not at all convinced that it would have been so evident to one who only heard the colloquy. In this instance, at least, the printed word is more readily understood when read in our cloistered chambers than it was when heard in the courtroom.

In any event, Mr. Piotrowski's subsequent actions relating to Grigory belie any intent to deceive or to perpetrate fraud upon the court. On the day of the hearing he wrote to the Russian embassy in Washington and he again wrote several weeks later seeking information concerning the whereabouts of Grigory, describing him as decedent's brother. As a result, a New York law firm entered its appearance for the Russian government in the probate court. Eight months later, the final account of the administratrix was allowed and Jakob was determined to be decedent's sole heir after Mr. Piotrowski had adjourned the hearing thereon to give the New York law firm further time to obtain evidence that Grigory still lived or had died leaving heirs. Shortly thereafter, at the request of the New York lawyers, Mr. Piotrowski petitioned the court for a rehearing of the petition to determine heirs. Upon the subsequent failure to produce documentary evidence of Grigory's existence, and again after several adjournments, the petition for rehearing was dismissed, but without prejudice. Thereafter, a Detroit law firm entered its appearance for the Russian heirs and petitioned the court for redetermination of decedent's heirs. Mr. Piotrowski and the other defendants cooperated with them, but again the documentary proof failed to materialize. Ultimately, the Detroit firm withdrew from the proceedings and a second Detroit law firm was substituted for it. In the meantime, the State's attorney general entered his appearance, and on his motion the pending petition for redetermination of heirs was dismissed without prejudice to the filing of a new petition by successor counsel for the Russian heirs. No new petition was ever filed, and about a year later Mr. Piotrowski closed the estate.

There were offered in evidence many letters to Mr. Piotrowski from the Russian embassy and coun-

sel for the foreign claimants and from Mr. Piotrowski to them from which it further appears that Mr. Piotrowski extended much effort to assist them in establishing their claims. There are also as part of the record in this case transcripts of proceedings in the probate court from which it clearly appears that Judge Murphy was fully apprised of the claims made in behalf of Grigory.

It is significant, perhaps, that no appeal was taken by the Russian claimants from the probate judge's orders. It is even more significant that at no time during the probate proceedings did the foreign claimants' counsel charge Mr. Piotrowski with fraud or other misconduct. It was 2 years after the estate was closed that these charges were made in this collateral attack. We find no basis whatever for the allegations of fraudulent conduct contained in plaintiff's bill of complaint.

Plaintiff also contends that the probate court lacked jurisdiction over decedent's estate because Jakob was not entitled to petition for its administration as decedent's cousin so long as decedent's brother was alive. CL 1948, § 702.51 (Stat Ann 1943 Rev § 27.3178[121]). As the chancellor pointed out in his opinion, challenges to the jurisdiction of the probate court may be made only in the original probate proceeding or on appeal therefrom unless the failure of jurisdiction appears on the record. CL 1948, § 701.21 (Stat Ann 1943 Rev § 27.3178[21]). Plaintiff cites *In re Gray Estate,* 356 Mich 677, where decedent's widow's name was deliberately omitted from the petition for probate of a will, in support of his claim that the probate court lacked jurisdiction. In that case the challenge to the court's jurisdiction was made in the probate court and on appeal therefrom; it was not a collateral attack as is this case.

The petition for administration set forth all facts essential to confer jurisdiction upon the probate

court, and plaintiff may not now in this proceeding challenge that court's jurisdiction. *Wilkinson* v. *Conaty*, 65 Mich 614, and *Backing* v. *Estate of Backing*, 337 Mich 20, 26.

Affirmed. Defendants may tax costs.

DETHMERS, C. J., and CARR, KELLY, SMITH, BLACK, and EDWARDS, JJ., concurred.

KAVANAGH, J., did not sit.