In re BREASBOIS ESTATE

SCHNEIDER v BREASBOIS

Docket No. 76568. Submitted October 10, 1984, at Lansing.—Decided
January 23, 1985.

Petitioner, Diane L. Schneider, and Mark Joseph Breasbois were
married in 1973 and had two children: Amanda Lynn Breasbois
and Matthew Joseph Breasbois. Petitioner and Mark Breasbois
were divorced on March 31, 1982. On September 20, 1983,
Mark Joseph Breasbois was killed in a traffic accident. Respon-
dent Henry Breasbois, father of the decedent, filed a petition
for commencement of independent probate proceedings and
requested appointment as personal representative of the dece-
dent's estate on September 27, 1983. The same day, the Mid-
land Probate Court appointed Henry Breasbois independent
personal representative of the decedent's estate. Respondent
served notice of the foregoing on petitioner on September 28,
1983. Petitioner was appointed conservator for her minor chil-
dren by the Gratiot Probate Court on November 3, 1983. On
December 23, 1983, petitioner filed a document with the Mid-
land Probate Court entitled "Objections to Petition for Com-
mencement of Proceedings and Request for Appointment of
Successor Personal Representative". In the document, peti-
tioner alleged that respondent was not an heir of the decedent
and was not entitled to file the petition for the commencement
of intestate proceedings. Petitioner further alleged that respon-
dent did not qualify under the Revised Probate Code for ap-
pointment as personal representative. Petitioner requested that
the probate court dismiss the petition filed by respondent and
appoint her as personal representative of the decedent's estate.
A hearing was held and the probate court denied petitioner's
petition and request for appointment. Petitioner appealed.
*Held:*

The parent of a decedent who died intestate is not an heir or
other interested party entitled to petition for independent
probate where the decedent is survived by issue.

Reversed and remanded.

REFERENCE FOR POINTS IN HEADNOTE
23 Am Jur 2d, Descent and Distribution §§ 62, 64.

DESCENT AND DISTRIBUTION — PROBATE — PARENT OF DECEDENT —
    INDEPENDENT PROBATE — INTESTATE ESTATES.
    The parent of a decedent who died intestate is not an heir or
    other interested party entitled to petition for independent
    probate where the decedent is survived by issue (MCL 700.6[3],
    700.7[3], 700.306; MSA 27.5006[3], 27.5007[3], 27.5306).

*Joseph J. Trogan,* for petitioner.

*Doyle A. Rowland,* for respondent.

Before: DANHOF, P.J., and GRIBBS and R. M.
SHUSTER,* JJ.

PER CURIAM. Petitioner appeals as of right from
an order of the probate court dated February 10,
1984, denying her petition objecting to the com-
mencement of proceedings and requesting appoint-
ment as personal representative of the estate of
Mark Joseph Breasbois. We reverse.

Petitioner and Mark Joseph Breasbois were mar-
ried on February 17, 1973. They had two children:
Amanda Lynn Breasbois, born December 27, 1976,
and Matthew Joseph Breasbois, born August 22,
1979. Petitioner and Mark Breasbois were divorced
on March 31, 1982.

On September 20, 1983, Mark Joseph Breasbois
was killed in a traffic accident. Respondent Henry
Breasbois, father of the decedent, filed a petition
for commencement of independent probate pro-
ceedings and requested appointment as personal
representative of the decedent's estate on Septem-
ber 27, 1983. The same day, the Midland County
Probate Court appointed Henry Breasbois indepen-
dent personal representative of the decedent's es-
tate. Respondent served notice of the foregoing on
petitioner on September 28, 1983. Petitioner was
appointed conservator for her minor children by

* Circuit judge, sitting on the Court of Appeals by assignment.

the Gratiot County Probate Court on November 3, 1983.

On December 23, 1983, petitioner filed a document with the Midland County Probate Court entitled "Objections to Petition for Commencement of Proceedings and Request for Appointment of Successor Personal Representative". In the document, petitioner alleged that respondent was not an heir of the decedent and was not entitled to file the petition for the commencement of intestate proceedings. Petitioner further alleged that respondent did not qualify under the Revised Probate Code for appointment as personal representative. Petitioner requested that the probate court dismiss the petition filed by respondent and appoint her as personal representative of the decedent's estate. A hearing was held on January 11, 1984. The probate court, finding respondent both an heir and a creditor entitled to appointment as a personal representative, denied the petition and request for appointment in an order dated February 10, 1984.[1]

The Revised Probate Code provision dealing with petitions for independent probate provides:

"(1) The following may petition the register for independent probate and appointment of an independent personal representative:

* * *

"(b) In an intestate estate, an heir of the decedent or any other interested party." MCL 700.306; MSA 27.5306.

---

[1] Apparently the probate court erroneously assumed that, for independent probate proceedings, a creditor was an interested party, and that respondent, as a creditor, would be entitled to appointment as a personal representative of the estate. We point out to the parties and the probate court that MCL 700.115; MSA 27.5115 and MCL 700.116; MSA 27.5116 do not apply to independent probate proceedings. MCL 700.301, subds (3)(a) and (5)(a); MSA 27.5301, subds (3)(a) and (5)(a).

Under this provision, respondent, who was neither an heir nor an interested party, was not entitled to petition for independent probate.

Respondent, although the father of decedent, was not an heir. The Revised Probate Code defines an heir as follows:

" 'Heirs' means those persons, including the surviving spouse, who are entitled to the property of a decedent under the statutes of intestate succession." MCL 700.6(3); MSA 27.5006(3).

Where there are surviving issue, the parent of a decedent is not entitled to inherit decedent's property under the statutes of intestate succession. MCL 700.106, subds (a) and (b); MSA 27.5106, subds (a) and (b). In this case, only the two minor children are heirs, MCL 700.106(a); MSA 27.5106(a), and can be represented by their mother in the estate proceedings. MCL 700.23; MSA 27.5023.

Furthermore, respondent's contention that he is an heir under *Chrystal v Hubbard,* 414 Mich 297; 324 NW2d 869 (1982), is incorrect. The Court in *Crystal* interpreted the wrongful death provision, MCL 600.2922; MSA 27A.2922, and found the term "class of persons who, by law, would be entitled to inherit" included potential heirs. The Court specifically distinguished this class from "heirs at law" who are kin actually surviving a decedent who would be entitled to inherit pursuant to our laws of descent and distribution, *i.e.,* heirs under the Revised Probate Court. *Crystal, supra,* p 307.

Neither is respondent an interested party entitled to petition for independent probate.

" 'Interested party' means an heir, devisee, beneficiary, a fiduciary of a legally incapacitated person who

is an heir, devisee, or beneficiary, a fiduciary or trustee named in an instrument involved, or a special party." MCL 700.7(3); MSA 27.5007(3).

Respondent was not an heir, devisee, beneficiary or fiduciary of a legally incapacitated heir. In the first place, the heirs, the minor children, are not legally incapacitated persons within the definition of the Revised Probate Code. Such definition excludes minors. MCL 700.8(2); MSA 27.5008(2). Secondly, he is not even an heir or fiduciary to the children. Their mother would be their heir, MCL 700.106(b); MSA 27.5106(b), their natural guardian, and, as conservator, their fiduciary. MCL 700.5(2)(a); MSA 27.5005(2)(a).

From the record it was apparent respondent was neither an heir nor an interested party, and thus the probate court had no jurisdiction to grant his petition. See *Rosenberg v Koptur,* 363 Mich 685, 689; 110 NW2d 770 (1961). His petition for independent probate proceedings made clear that he was not an heir, since he noted that the decedent had two children. There was nothing in the petition to indicate that he was an interested party, which in fact he is not. Moreover, the portion of his petition dealing with legal disabilities and representatives of the heirs was left blank, although respondent was aware that the mother was the custodian of the minor children. Since no valid petition was ever filed, and no jurisdiction conferred upon the probate court, the probate proceedings must be vacated.

Although not necessary to the disposition of this case, to prevent a recurrence of further error in any reinitiated proceedings, we point out that an appointment of a person without priority under the Revised Probate Code can be done only in

supervised proceedings, and only after the court ascertains that those with priorities failed to request appointment. MCL 700.311(4); MSA 27.5311(4).

Reversed and probate proceedings vacated.