### *In re* NORRIS ESTATE

Docket No. 80184. Submitted October 8, 1985, at Detroit. Decided May 6, 1986.

Lovell West was appointed by the Wayne County Probate Court as conservator of the estates of Sybil, Terrio and Devon Norris, minors, on November 16, 1979, and was required to post a $7,000 bond. She was further directed to deposit the minors' funds in an interest-bearing bank account and granted an allowance of $200 per child per month until further order of the court. Following West's submission of a First Annual Account, the account was disallowed by the probate court, Willis F. Ward, J., and West's bond was increased to $30,000. West then filed a First Annual Amended Account. This account was also disallowed. West then filed a Second Amended First Annual Account. At a hearing on January 5, 1982, this account was disallowed and West was removed as the conservator. Barton Morris was appointed as successor conservator. Following his appointment, Morris filed a petition on January 28, 1982, to surcharge the bonding company and the former conservator, West. A hearing on Morris' petition was then adjourned to give West an opportunity to present her receipts to the auditors. The hearing reconvened on November 15, 1982, at which time a Third Amended First Annual Account was filed by West indicating receipts of $28,920.98, disbursements of $20,920.06, and a balance of $8,000.92. Morris contended that the disbursements were over the allowance granted by the trial court and therefore requested that West be surcharged in the amount of $14,213.71. West's counsel acknowledged that the disbursements exceeded the amount allowed by the trial court

REFERENCES

Am Jur 2d, Guardian and Ward, §§ 22, 190-198, 208-217.

Resignation or removal of executor, administrator, guardian, or trustee, before final administration or before termination of trust, as affecting his compensation. 96 ALR3d 1102.

Right of guardian or committee of incompetent to incur obligations so as to bind incompetent or his estate, or to make expenditures, without prior approval by court. 63 ALR3d 780.

Termination of continuing guaranty by appointment of guardian or conservator for guarantor. 55 ALR3d 344.

but argued that $200 per month per child was inadequate to meet the needs of the minors. The court then inquired whether the children were also receiving social security benefits and indicated that these funds could also be used for the support of the children. Upon obtaining an affirmative answer and after further argument, the trial court took the matter under advisement. On October 20, 1983, approximately eleven months later, the trial court, Willis F. Ward, J., entered an order surcharging West and her bonding company in the amount of $14,213.71. West appeals. *Held:*

1. The trial court record does not support West's allegations in regard to her contention that the trial court erred in refusing to disqualify opposing counsel. The record is sufficient, however, to warrant the belief that an evidentiary hearing should have been conducted on this matter because of the potential that a Canon of the Code of Professional Responsibility had been violated. Remand for this purpose is unnecessary due to the Court of Appeals disposition of this appeal.

2. The trial court did not follow the letter of the rules concerning the removal of West and the appointment of Morris. The Court of Appeals was, however, unconvinced that this error affected West's substantial rights and stated that it would not reverse on this basis.

3. According to West's third amended account, West has stayed within the financial limitations set by the trial court for the support and maintenance of the children. While some of the line items in the accounting could arguably be classified as necessary for the preservation of the children's father's estate, for which West was executrix, and not the support and maintenance of the children, they were filed in good faith and were clearly within the numerical limits allowed by the trial court.

The order surcharging West is reversed. The Third Amended First Annual Account is to be accepted by the probate court and that court shall reinstate West as conservator.

1. Appeal — Ex Parte Affidavits.

Ex parte affidavits, filed for the first time in an appellate brief, may not serve to enlarge a record on appeal and will not be considered by the Court of Appeals.

2. Attorney and Client — Canons of Ethics.

An evidentiary hearing should be conducted by a trial court in regard to a party's allegation that opposing counsel should be disqualified for an alleged violation of the Canons of the Code of Professional Responsibility where the potential exists that a Canon has been violated.

3. COURTS — COURT RULES — STATUTES.

The Probate and General Court Rules take precedence over any conflicting statutory rules of practice; the rules are to be construed so as to secure the just, prompt and inexpensive determination of every proceeding and avoid the consequences of any error or defect in the proceedings which does not affect the substantial rights of the parties (GCR 1963, 13, 16, now MCR 1.105, 1.104).

4. APPEAL — FIDUCIARIES — NEGLIGENCE — DEFENSES — GOOD FAITH.

The Court of Appeals is governed by the circumstances of the particular case in determining whether a fiduciary has been guilty of negligence or a violation of his duties; a fiduciary may plead a defense of good faith where he has acted within the limits of his powers with prudence and diligence and commits mere mistakes or errors of judgment; a fiduciary may not plead good faith where he has disregarded the limits placed upon him by the law or the instrument creating the fiduciary relationship.

*Commercial Law Corporation, P.C.* (by *L. Fallasha Erwin*), for Lovell West.

*Andrew W. Perdue,* for Barton W. Morris.

Before: R. M. MAHER, P.J., and WAHLS and HOOD, JJ.

PER CURIAM. Appellant, Lovell West, appeals as of right from the probate court's order surcharging her in the amount of $14,213.71 as conservator of the estates of Sybil, Terrio, and Devon Norris, minors. We reverse.

Appellant was appointed conservator on November 16, 1979, and was required to post a $7,000 bond. She was further directed to deposit the minors' funds in an interest-bearing bank account and granted an allowance of $200 per child per month until further order of the court. West's First Annual Account for August, 1979, to December, 1980, was submitted for approval. This account showed total receipts of $54,724.06 and total dis-

bursements of $29,207.67 and was disallowed. West's bond was increased by $23,000 to a total of $30,000. Thereafter, amendments to the First Annual Account were submitted.

On July 9, 1981, West filed a First Annual Amended Account showing total receipts and total disbursements of $24,921.70. This account was also disallowed. On November 13, 1981, West filed a Second Amended First Annual Account showing total receipts of $29,730.98 and total disbursements of $28,678.70. At a hearing on January 5, 1982, this account was disallowed and West was removed as the conservator. Barton Morris, the appellee, was appointed as successor conservator. Following his appointment, appellee filed a petition on January 28, 1982, to surcharge the bonding company and the former conservator, West.

A hearing on Morris' petition was held on September 23, 1982. At the hearing, West's counsel first moved for disqualification of opposing counsel based on the fact that West had consulted with him on two different occasions to have him represent her as her counsel. Opposing counsel responded that West had come to him once and he explained to her that he would be representing Morris and could not possibly represent her at that time. Pursuant to this response, the trial court refused to disqualify opposing counsel.

Then counsel for West pointed out to the court that he was new counsel for West and that her prior counsel had been removed. He also admitted that a proper accounting had not been filed but argued that removal of West as conservator was improper under the court rules because West did have the receipts which would make her account auditable. At this point, the trial court adjourned the hearing to give West an opportunity to present her receipts to the auditors.

The hearing reconvened on November 15, 1982. At that time, a Third Amended First Annual Account was filed by West indicating receipts of $28,920.98, disbursements of $20,920.06, and a balance of $8,000.92. Morris contended that the disbursements were over the allowance granted by the trial court and therefore requested that West be surcharged in the amount of $14,213.71.

West's counsel acknowledged that the disbursements exceeded the amount allowed by the trial court but argued that $200 per month per child was inadequate to meet the needs of the minors and that, had he been West's counsel from the beginning, he would have petitioned the court to increase the allowance.

The court then inquired whether the children were also receiving social security benefits and indicated that these funds could also be used for the support of the children. Upon obtaining an affirmative answer and after further argument, the trial court took the matter under advisement. Approximately one month short of one year later, on October 20, 1983, the court entered an order surcharging West and her bonding company in the amount of $14,213.71.

On appeal, West first contends that the trial court erred in refusing to disqualify opposing counsel.

West's argument is based upon Canons 4, 5 and 9 of the Code of Professional Responsibility. Canon 9 provides that: "A Lawyer Should Avoid Even the Appearance of Professional Impropriety." Canon 4 provides that: "A Lawyer Should Preserve the Confidences and Secrets of a Client." Canon 5 provides that: "A Lawyer Should Exercise Independent Professional Judgment on Behalf of a Client." West further cites Michigan Informal Ethics Opinion CI-341 which provides:

When an attorney is contacted by a prospective client about representation in pending litigation and receives disclosures which have the appearance of confidentiality, even though no actual representation is undertaken, he should refrain from later accepting employment from an adversary in the same case.

West contends that opposing counsel violated the above-stated ethical standards and should have been disqualified. According to West, before the court removed her as conservator and appointed Morris in her stead, she consulted with opposing counsel, Andrew Perdue, who advised her to terminate representation by her then-present lawyer and offered to handle the matter for her because he knew the judge personally. West claims that, although she declined Perdue's offer at that time, she sought him out after the trial court removed her from the conservatorship but was then told by Perdue that he could not represent her because he would be representing Morris instead.

We first find that the trial court record does not support West's allegation. On appeal, West has filed two affidavits in support of these allegations. Such ex parte affidavits, however, may not serve to enlarge a record on appeal and will not be considered by this Court. *Dora v Lesinski,* 351 Mich 579, 581; 88 NW2d 592 (1958); *Spartan Asphalt Paving Co v Tri-Cities Construction, Inc,* 68 Mich App 305, 309; 242 NW2d 565 (1976).

The record is sufficient, however, to warrant the belief that an evidentiary hearing should have been conducted on this matter because of the potential that a canon had been violated. See *GAC Commercial Corp v Mahoney Typographers, Inc,* 66 Mich App 186, 191-192; 238 NW2d 575 (1975). Our disposition of this appeal, however, makes remand for this purpose unnecessary.

West's next claim on appeal is that her removal as conservator was not in compliance with Michigan law, thereby making the surcharge improper.

PCR 707.2(a), now MCR 5.707(B)(1) and (2), provides in pertinent part:

(a) Notice to Fiduciaries; Reporting. A fiduciary must promptly and efficiently administer an estate. Except for independent probate, at the time the fiduciary is appointed or qualifies, the court shall send by first class mail the written notice of duties to the fiduciary at the address on the fiduciary's bond or acceptance of trust or deliver the notice to him personally. The notice must be substantially as follows:

Inventories: You are required to file an inventory of the assets of the estate within 60 days from the date your letters of authority are issued.

Accountings: You are required to file once a year or oftener if the court directs, a complete itemized accounting of your administration of the estate, showing in detail all of the receipts and disbursements and the property remaining in your hands, together with the form of the property. When the estate is ready for closing, you are required to file a final accounting and an itemized and complete list of all properties remaining. Subsequent annual and final accountings must be filed within 60 days after the close of the accounting period.

Tax Information: You are required to file information for timely computation and payment of inheritance taxes.

When it appears to the court from either an instrument in writing submitted by an interested party in an estate or a review of court files that there has been a failure to comply with procedures required by law or court rule, or that the estate is not being promptly and properly administered, the court shall proceed as follows:

(1) The court shall notify the fiduciary and all of his sureties of the nature of the complaint or omission, together with a notice to correct such

deficiency or complaint within a period of 30 days; or, in the alternative to appear before the judge or an officer designated by him at a time specified within 30 days for a conference concerning such complaint or omission. The notice shall be mailed by registered, certified, or ordinary mail to the fiduciary at his last known address appearing in the court file. Copies of such notice shall also be mailed to the attorney appearing of record for such fiduciary and to all of the fiduciary's sureties.

(2) In the event a conference is directed, unless a stenographic or electronic record is preserved, a written memorandum setting forth the date of the conference, parties present, and the steps required to be taken, if any, providing a period of not to exceed 30 days to correct such complaint or deficiency, shall be prepared and mailed to the fiduciary, the attorney of record, and all of the fiduciary's sureties, in the manner above provided. Such memoranda shall be reviewed, approved, and signed by the judge in instances where the conferences are conducted by staff designated by him.

(3) For cause shown, upon application of the fiduciary or his attorney, the judge may extend the time for performance or required duties for a further reasonable period or periods, but any extended period shall not exceed 30 days and shall only be extended to a day certain. The total of such extended period shall not exceed 60 days.

(4) *If the fiduciary or his attorney fails to perform the duties required of him within the time so limited, the court shall appoint a special fiduciary as provided by section (b) of this subrule.* If no person is available to act as special fiduciary, the probate court shall suspend the powers of the dilatory fiduciary until further order of the court, and notify the fiduciary, his attorney of record, if any, all of the fiduciary's sureties, and all interested parties appearing of record at their addresses appearing in the court file. This rule does not preclude contempt proceedings as provided by law, or proceedings provided by this rule. [Emphasis added.]

PCR 707.2(b), now MCR 5.707(B)(3), provides:

> (b) *Appointment of Special Fiduciary. The probate judge shall appoint a special fiduciary on his own motion, on the notice he directs or without notice in his discretion, in a proceeding pending before him in which the fiduciary has been removed, has moved from the state, has died, or has become mentally incompetent in the judge's opinion, when his whereabouts are unknown, or when for good and sufficient cause the prompt and proper administration of an estate requires.* The special fiduciary must give bond and has all of the duties and powers provided by law for temporary personal representatives. *On his qualification, the powers of the previous fiduciary are suspended.* The special fiduciary is an interested party for the purpose of filing a petition for removal of the previous fiduciary and appointment of a successor general fiduciary, and he must file the petition unless another interested party has done so. The special fiduciary must also file an accounting, and if the estate is ready for closing, the court may proceed without the necessity of appointment of a successor fiduciary. The court shall immediately proceed with notice and hearing on the petition and accounting in accordance with the law applicable to the filing of original proceedings. [Emphasis added.]

Appellant claims that according to the court rules, rather than removing her as conservator, the trial court should have appointed a special fiduciary or suspended her powers and notified her surety and other interested parties. West also cites MCL 700.475; MSA 27.5475 in support of her position. That section provides that a court may remove a conservator for good cause only upon notice and hearing.

In reviewing this claim, we begin by noting that the Probate and General Court Rules take prece-

dence over any conflicting statutory rules of practice. GCR 1963, 16, now MCR 1.104. Furthermore, the rules are to be construed so as to secure the just, prompt and inexpensive determination of every proceeding and avoid the consequences of any error or defect in the proceedings which does not affect the substantial rights of the parties. GCR 1963, 13, now MCR 1.105.

West does not argue lack of notice of her failure to file a proper accounting or of the $200 allowance per month per child until further order of the court. West also was given ample time to submit any necessary receipts. Moreover, West does not dispute that the probate court had the power to appoint Morris as a special fiduciary pursuant to PCR 707.2(b).

Rather, West hinges her argument on the failure of the trial court to appoint Morris as a special fiduciary, or, in the alternative, on the trial court's failure to suspend her powers as conservator pursuant to PCR 707.2(a)(4).

We agree that the trial court did not follow the letter of the rules concerning the removal of West and the appointment of Morris. We are, however, unconvinced that this error affected West's substantial rights. Therefore, we do not reverse on this basis.

Through West's brief and our examination of the record, however, we have found a compelling basis for reversal.

At the last hearing on the petition to surcharge West, the trial court indicated that for the support and maintenance of the children West was given an allowance of $200 per month per child and each child's social security benefits. If this is the case, and our review of the record indicates that it is, then according to West's third amended ac-

count, West has stayed within the financial limitations set by the trial court.

In determining whether a fiduciary has been guilty of negligence or a violation of his duties, this Court is governed by the circumstances of the particular case. See *Newton v Old-Merchants National Bank & Trust Co,* 299 Mich 299; 300 NW 859 (1941). A fiduciary may plead a defense of good faith where he has acted within the limits of his powers with prudence and diligence and commits mere mistakes or errors of judgment. However, a fiduciary may not plead good faith where he has disregarded the limits placed upon him by the law or the instrument creating the fiduciary relationship. *In re Tolfree Estate,* 347 Mich 272; 79 NW2d 629 (1956).

In this case, West was named not only guardian of the children and conservator of their estate but also executrix of the children's father's estate. The last accounting submitted by her was accompanied by auditable receipts and was approved by the county auditors. While some of the line items in the accounting could arguably be classified as necessary for the preservation of the father's estate and not the support and maintenance of the children, they were filed in good faith and were clearly within the numerical limits allowed by the trial court.

Therefore, the order surcharging appellant is reversed. Instead, we direct that the Third Amended First Annual Account be accepted and appellant be reinstated as conservator.