BURKE v BURKE

Docket No. 98684. Submitted February 11, 1988, at Grand Rapids. Decided June 8, 1988.

Plaintiff, Richard T. Burke, and defendant, Joan E. Burke, were divorced by order of the Kalamazoo Circuit Court, Richard R. Lamb, J. Plaintiff was ordered to pay child support for his minor child until the date of her high school graduation. Defendant filed objections to the proposed order because it did not contain the "exceptional circumstances" language of MCR 3.209(B)(1)(b), which would provide for payment of child support beyond the date of the child's high school graduation. Following a hearing to settle judgment, the court refused to include the exceptional circumstances language in the divorce judgment. Defendant's attorney, against defendant's wishes, filed a motion requesting that the judgment be amended to retain jurisdiction over the matter of child support and to preserve for appeal the issue of plaintiff's responsibility for the child's college expenses. At the hearing on the motion, plaintiff moved for an award of attorney's fees. The court denied defense counsel's motion and granted plaintiff's motion, assessing attorney fees against defendant's attorney as the signatory of the motion, and not against defendant herself. Defendant appealed.

The Court of Appeals *held:*

The trial court's finding that defense counsel was attempting to litigate an abstract legal question after defendant had expressly stated that she did not want the issue argued is not clearly erroneous. Defense counsel lacked authority to bring the postjudgment motion and acted contrary to his client's express wishes because of his personal desire to change Michigan law as regards child support and the payment of college costs. Defense counsel's motion was not well grounded in fact, and the award of attorney fees was appropriate.

Affirmed.

REFERENCES

Am Jur 2d, Costs §§ 30, 72.

Attorney's liability under state law for opposing party's counsel fees. 56 ALR4th 486.

TRIAL — MOTIONS AND ORDERS — IMPROPER MOTIONS — SANCTIONS — ATTORNEY FEES — COURT RULES.

Attorney fees may be assessed against an attorney who signs a motion requesting postjudgment relief where the client has expressly stated a desire not to pursue the relief requested in the motion and the attorney acts solely out of his personal desire to change Michigan law as to the issue involved (MCR 2.114).

*Benson & Basch* (by *Quinn E. Benson*), for plaintiff.

*Barnard, Smith & Burness* (by *Robert J. Barnard, Jr.*), for defendant.

Before: CYNAR, P.J., and WEAVER and R. M. PAJTAS,* JJ.

PER CURIAM. Defendant Joan E. Burke appeals as of right from the circuit court's order granting plaintiff attorney fees. Defendant and plaintiff Richard T. Burke were married on August 17, 1963. They had two children, the youngest of whom, Carolyn, was still a minor when the parties filed for divorce. Plaintiff filed for divorce on June 11, 1982, and defendant counterclaimed for divorce in September. A bench trial was held in February, 1986, and the divorce judgment ordered plaintiff to pay child support in the amount of $200 a week to defendant. These payments were to commence on February 28, 1986, and terminate on June 6, 1986. The trial court's judgment granted child support past Carolyn's eighteenth birthday, until the date of her high school graduation, in compliance with MCR 3.209(B)(1)(b).

On July 21, 1986, defendant filed objections to plaintiff's proposed judgment. One of the objections stated that the child support provisions did not

---

* Circuit judge, sitting on the Court of Appeals by assignment.

comply with the requirements of MCR 3.209(B)(1)(b), which provides:

> (1) A support order or final judgment must
>
> * * *
>
> (b) provide for payment for a child until the child reaches the age of majority or graduates from high school, whichever is later, or, in exceptional circumstances, until further order of the court . . . .

On August 4, 1986, at a hearing to settle judgment, the trial court refused to include the language of MCR 3.209(B)(1)(b) in the divorce judgment. A divorce judgment was finally entered on October 13, 1986, which did not quote or cite MCR 3.209(B)(1)(b).

On November 13, 1986, defendant's counsel, Robert J. Barnard, Jr., against her wishes, filed a motion to preserve the issue for appeal or to preserve jurisdiction. Defense counsel requested that the judgment be amended to retain jurisdiction over the matter of child support and to preserve the issue of plaintiff's responsibility for Carolyn's college expenses.

A hearing on defense counsel's motion was held on December 8, 1986. At this hearing, plaintiff moved for an award of attorney fees. The trial judge requested plaintiff's counsel to submit a bill of costs and fees to defendant and to the court. On January 16, 1987, an evidentiary hearing was held on plaintiff's request for fees and costs. The trial court denied defendant's motion and granted plaintiff's motion for attorney fees in the amount of $900. The order assesses these fees against defense counsel Barnard, as the signatory and not against defendant. MCR 2.114(E).

In Michigan, costs and attorney fees are not

allowed unless expressly authorized by statute, court rule or judicially created exception. *Warren v McLouth Steel Corp,* 111 Mich App 496, 507; 314 NW2d 666 (1981).

MCR 2.114(B) requires that every pleading of a party represented by an attorney shall be signed by at least one attorney of record. By signing the pleading, the signatory certifies that

(1) he or she has read the pleading;

(2) to the best of his or her knowledge, information, and belief formed after reasonable inquiry, the pleading is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and

(3) the pleading is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. [MCR 2.114(D).]

If the pleading is signed in violation of MCR 2.114(D), MCR 2.114(E) provides:

If a pleading is signed in violation of this rule, the court, on the motion of a party or on its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, including reasonable attorney fees.

MCR 2.113(A) makes the provisions of MCR 2.114 applicable to both motions and affidavits.

In this case, plaintiff moved for an award of attorney fees pursuant to MCR 2.114(E). The trial judge granted plaintiff's motion because he found that, on the facts as presented, defense counsel was attempting to litigate an abstract legal ques-

tion without his client's approval. Defendant had expressly stated that she did not want the issue argued. After review of the record, we find that the trial court's findings are not clearly erroneous.

Throughout the negotiations about the language of the divorce judgment, defense counsel attempted to get plaintiff to agree to inclusion of the "exceptional circumstances" language of MCR 3.209(B)(1)(b) in the child support provision. Plaintiff refused to do so. Defense counsel also attempted to get the trial judge to order this language included in the child support provisions. The trial court also refused to do this. At this point, the issue was properly preserved for appellate review, or defendant could have sought reconsideration in the trial court. Defendant did neither. In fact, defendant expressly informed defense counsel that she did not wish to pursue an appeal or take any postjudgment action, and defense counsel so stated in his motion.

Contrary to defendant's wishes, defense counsel filed his motion to preserve the issue for appeal or to preserve jurisdiction. Defense counsel lacked authority to bring this postjudgment motion. Defense counsel's motion stated that the motion was brought "to protect his client and . . . without charge to her so that in the event the law is changed in *Smith v Smith,* or other appellate cases, she may secure to herself and to the college student benefit of such decision, if favorable."

The record reveals that defense counsel is a former president of the Family Law Section of the State Bar of Michigan and that he believes the appellate courts of this state have repeatedly erred in their rulings that a trial court lacks authority to order a party to pay college costs as child support once a child has reached the age of eighteen. Defense counsel feels very strongly about

this issue and argues it frequently. The record supports the conclusion that defense counsel acted contrary to his client's express wishes because of his personal desire to change Michigan law as regards child support and the payment of college costs. We conclude, therefore, that defense counsel's motion was not well grounded in fact and that an award of attorney fees was appropriate pursuant to MCR 2.114(E).

Affirmed.