STEINWAY v BOLDEN

Docket No. 115216. Submitted April 19, 1990, at Detroit. Decided August 22, 1990.

Barry Steinway succeeded Carlos Johnson as personal representative of the estate of Wardell M. Johnson, deceased, in proceedings in the Wayne County Probate Court. When the estate's assets proved insufficient to satisfy a claim awarded by the probate court against the estate, Steinway filed a petition against Johnson and Carl Bolden, the attorney Johnson had hired, claiming that Johnson and Bolden had misappropriated the estate's funds. Steinway also filed a complaint against Bolden pursuant to MCR 8.122, seeking to have Bolden held personally liable for funds necessary to satisfy the claim and settle the estate. The probate court granted summary disposition in favor of Bolden, ruling that it lacked subject matter jurisdiction over Steinway's action. The Wayne Circuit Court, William J. Giovan, J., affirmed on appeal. The Court of Appeals granted Steinway's application for leave to appeal.

The Court of Appeals *held:*

MCR 8.122 provides that a court, on verified written complaint of a client and after reasonable notice and hearing, may order the client's attorney to pay money or perform an act which law and justice may require. For purposes of this court rule, an attorney hired for proceedings in probate court by the personal representative of a decedent's estate has the estate for a client. Accordingly, a successor personal representative acting in behalf of the estate may file a complaint pursuant to MCR 8.122 against the attorney hired by the former personal representative.

Reversed and remanded.

ATTORNEY AND CLIENT — PROBATE PROCEEDINGS — COURT RULES.

For purposes of the court rule which provides that a court, on

REFERENCES

Am Jur 2d, Attorneys at Law §§ 227, 229, 230, 232, 233; Executors and Administrators § 95.

See the Index to Annotations under Attorney or Assistance of Attorney; Discipline and Disciplinary Actions; Executors and Administrators; Malpractice by Attorney; Probate Courts and Proceedings.

verified written complaint of a client and after reasonable notice and hearing, may order the client's attorney to pay money or perform an act which law and justice may require, an attorney hired for proceedings in probate court by the personal representative of a decedent's estate has the estate for a client; accordingly, a successor personal representative acting in behalf of the estate may file a complaint pursuant to the court rule against the attorney hired by the former personal representative (MCR 8.122).

*Sommers, Schwartz, Silver & Schwartz, P.C.* (by *Victor A. Coen* and *Patrick Burkett*), for plaintiff.

*Collins, Einhorn & Farrell, P.C.* (by *Noreen L. Slank*), for defendant.

Before: D<small>ANHOF</small>, C.J., and M<small>URPHY</small> and S<small>ULLI-</small>VAN, JJ.

M<small>URPHY</small>, J. Plaintiff appeals by leave granted from an order entered by the Wayne Circuit Court affirming the Wayne County Probate Court's grant of summary disposition in favor of defendant for lack of subject matter jurisdiction. The court ruled that, under MCR 8.122, it has jurisdiction over actions against an attorney only when the complaint is filed by the attorney's client. The court further held that defendant was the attorney only for Carlos Johnson, the first personal representative of the estate of Wardell M. Johnson, rather than the attorney for the estate itself. Therefore, because plaintiff, the present personal representative of the estate, was not defendant's client, the court determined that it had no jurisdiction over plaintiff's claim. We reverse.

On April 4, 1983, Wardell Johnson died intestate. On April 11, 1983, the Wayne County Probate Court granted the petition of Carlos Johnson, Wardell's half-brother and sole heir, to commence probate proceedings and permitted Carlos Johnson

to serve as the personal representative of his brother's estate. On the recommendation of defendant, who had served as Carlos Johnson's attorney in an unrelated matter, the court ordered Johnson to pay only a nominal bond of $1,000. On April 19, 1983, defendant accompanied Carlos Johnson to a Bank of the Commonwealth branch where they removed $77,000 from an account held by the estate.

In May, 1983, Mardell Osborn filed a claim for approximately $60,000 against the estate for household services and companionship rendered to Wardell Johnson pursuant to oral contract, performance, and reliance. In June, 1985, the probate court awarded Osborn the amount of $24,500 plus interest for a total of $31,007.20. However, there were insufficient funds remaining in the estate to satisfy Osborn's claim. Carlos Johnson has apparently absconded with the estate funds and his whereabouts are unknown.

Upon Osborn's petition, Carlos Johnson was removed as personal representative of the estate and replaced by plaintiff. Plaintiff filed a petition for surcharge of fiduciary and a complaint against the estate's attorney pursuant to MCR 8.122. Plaintiff sought an order from the probate court requiring Carlos Johnson to turn over sufficient funds to satisfy Osborn's claim and the other costs of settling the estate and holding defendant jointly and severally liable for such funds.

The sole issue before this Court is whether the probate court has subject matter jurisdiction over a claim filed by a successor personal representative against the attorney hired by the estate's original personal representative. We conclude that the probate court has jurisdiction over plaintiff's claim.

MCR 8.122 provides:

> Attorneys are officers of Michigan's one court of justice and are subject to the summary jurisdiction of the court. The circuit court of the county in which an attorney resides or maintains an office has jurisdiction, on verified written complaint of a client, and after reasonable notice and hearing, to enter an order for the payment of money or for the performance of an act by the attorney which law and justice may require. *All courts have like jurisdiction over similar complaints regarding matters arising from actions or proceedings in those courts.*

This rule applies only to claims by clients against their attorneys. *Eaddy v Garden City Osteopathic Hosp,* 152 Mich App 767, 772; 394 NW2d 99 (1986). The rule is broadly drafted to cover all matters arising out of dealings between an attorney and his client. *In re Jones Estate,* 115 Mich App 600, 606-608; 322 NW2d 311 (1982).

Plaintiff argues, and we agree, that the probate court erred when it ruled that defendant was the attorney only for Carlos Johnson and, as such, owed no duty to the estate.

The personal representative is a fiduciary of the estate who is charged with settling and distributing the estate. The personal representative must use his authority in the best interests of the estate and the interests of parties. MCL 700.341; MSA 27.5341. MCL 700.543; MSA 27.5543 authorizes a fiduciary of the estate, such as the personal representative, to "employ counsel to perform necessary legal services in behalf of the estate." The attorney shall receive reasonable compensation for legal services rendered to an estate. MCL 700.543; MSA 27.5543; MCR 8.303.

We conclude that the clear intent of the Revised Probate Code and of the court rules is that, although the personal representative retains the

attorney, the attorney's client is the estate, rather than the personal representative. The fact that the probate court must approve the attorney's fees for services rendered on behalf of the estate and that the fees are paid out of the estate further supports this conclusion.

Furthermore, the particular facts of the present case support the conclusion that defendant acted as the attorney for the estate, rather than for Carlos Johnson. The pleadings and papers in the probate court record connected with Mardell Osborn's adverse claim refer to defendant as the attorney for the estate. Furthermore, on December 17, 1984, Carlos Johnson filed an accounting of the estate for the period from April 12, 1983, to September 17, 1984, reflecting a $4,500 attorney fee which was presumably paid to defendant, the only attorney of record. The probate court approved this disbursement from the estate on June 5, 1985.

Assuming that this attorney fee from the estate was paid to and accepted by defendant, he cannot now in good conscience claim that he owed no duty to the estate. The estate was defendant's client. We conclude that plaintiff, as successor personal representative, properly states a cause of action on behalf of the estate against defendant under MCR 8.122. Because this claim arose out of a proceeding in the probate court, the court clearly had jurisdiction over the subject matter under MCR 8.122. Therefore, we reverse the probate court's dismissal of plaintiff's claim and the circuit court order affirming this dismissal. In so holding, we express no opinion regarding the merits of plaintiff's claim against defendant, only that plaintiff is entitled to proceed on the merits.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.