## *In re* MAKAREWICZ

Docket No. 140537. Submitted December 7, 1993, at Detroit. Decided
April 4, 1994, at 9:00 A.M.

Alan Makarewicz petitioned the Monroe County Probate Court to
be appointed conservator of the estate of Jamie Makarewicz,
his minor daughter who suffered a serious injury in an automo-
bile accident that occurred when the vehicle she occupied,
which was driven by her uncle, was struck by a vehicle driven
by Joe Guyor. The court granted the petition. Alan Makarewicz
hired attorney Dennis Czeryba to pursue any third-party claims
regarding Jamie's injuries and signed a one-third contingency
fee agreement "as parent and as court appointed Conservator."
The agreement designated Alan, as conservator, as the client.
Guyor's insurer offered to tender Guyor's policy limit of $100,000.
Czeryba conveyed the offer to Alan and Jamie's mother,
urging them to accept the offer. The Makarewiczes thereafter
notified Czeryba by letter that he had been discharged and that
another attorney had been retained. Czeryba responded by
obtaining an order appointing a guardian ad litem, and by
petitioning for a successor conservator, approval of the settle-
ment offer, and attorney fees. The probate court, Joseph A.
Costello, Jr., J., entered an order continuing Alan as conserva-
tor but ordering him to enter into a settlement with the
insurer. Alan appealed.

The Court of Appeals *held:*

1. The probate court lacked jurisdiction to consider Czeryba's
petition to have Alan removed as conservator and to order
settlement after Alan discharged Czeryba.

2. Alan, as the conservator, who was designated as the client
in the contingency fee agreement, hired Czeryba and could
discharge Czeryba. Assuming that Czeryba also represented
Jamie's best interests does not bar Czeryba's dismissal.

3. MRPC 1.2(a) requires a lawyer to abide by a client's

REFERENCES

Am Jur 2d, Attorneys at Law §§ 156, 168, 170; Guardian and Ward
§§ 1-4, 97, 98.

Authority of attorney to dismiss or otherwise terminate action. 56
ALR2d 1290.

decision whether to accept an offer of settlement. MRPC 1.16(a)(3) requires an attorney to withdraw from representation when the client discharges the attorney. MRPC 1.16(d) requires the withdrawing attorney to take all reasonable steps to protect the client's interests. MRPC 1.14(b) allows a lawyer to take protective action with respect to a client only when the lawyer reasonably believes that the client cannot adequately act in the client's own interests.

4. Neither Alan nor Jamie is mentally incompetent. Czeryba's discharge did not amount to misconduct by Alan. Ethically, Czeryba could not file the petition to force a settlement against the wishes of his former client.

5. Former MCR 5.117(B) did not prevent the discharge of Czeryba.

6. Czeryba's creditor status does not confer standing on him under MCL 700.476(1)(d),(e); MSA 27.5476(1)(d),(e). Czeryba cannot be considered to be "a person interested in the welfare" of Jamie under § 476(1).

7. Alan was acting in good faith in the best interests of Jamie when he declined immediate settlement.

Reversed.

GRIFFIN, P.J., concurred, directing the Clerk of the Court of Appeals to forward a copy of the Court's decision to the Attorney Grievance Commission.

1. ATTORNEY AND CLIENT — CONSERVATORS FOR MINORS — DISMISSAL OF ATTORNEY.

A conservator for a minor has the discretionary power to employ an attorney to assist in the collection of assets; an attorney hired by a conservator also may be discharged by the conservator; the fact that the attorney represents the minor's best interests does not bar dismissal by the conservator.

2. ATTORNEY AND CLIENT — OFFERS OF SETTLEMENT.

A lawyer must abide by a client's decision whether to accept an offer of settlement; the ultimate authority rests with the client (MRPC 1.2[a]).

3. ATTORNEY AND CLIENT — WITHDRAWAL FROM REPRESENTATION — PROTECTIVE ACTION.

An attorney who is discharged by a client must withdraw from representing the client and take all reasonable steps to protect the client's interests; an attorney may take protective action with respect to a client only when the attorney reasonably believes that the client cannot adequately act in the client's own interests (MRPC 1.14[b], 1.16[a][3],[d]).

*Chapman & Associates* (by *Ronald W. Chapman*), for Alan Makarewicz, conservator of the estate of Jamie Makarewicz, a minor.

*Czeryba & Godfroy* (by *William P. Godfroy*), for Dennis J. Czeryba.

Before: GRIFFIN, P.J., and MACKENZIE and J. E. MIES,* JJ.

MACKENZIE, J. Jamie Makarewicz, born October 17, 1973, suffered a serious closed head injury in 1989 when an automobile in which she was a passenger was struck in the rear by a vehicle driven by Joe Guyor. Appellant, Jamie's father, was subsequently appointed conservator of her estate. Appellant appeals as of right from a probate court order continuing him as conservator, but ordering him to enter into a settlement with Guyor's insurer. We reverse.

The accident in which Jamie was injured occurred while the driver of the vehicle she was in, Jamie's uncle, was waiting to make a left turn. Guyor reportedly has alleged that the uncle's car did not have brake lights or turn signals operating at the time. Jamie was not wearing a seat belt and allegedly her uncle did not tell her to do so.

Approximately two weeks after the accident, appellant hired attorney Dennis Czeryba to pursue any third-party claims regarding Jamie's injuries. Appellant signed a one-third contingency fee agreement "as parent and as court appointed Conservator." The agreement designated appellant, as conservator, as the "client . . . [who] hereby elects to employ [Czeryba]."

Sixteen months later, on November 13, 1990, Guyor's insurer offered to tender the policy limit

---

* Circuit judge, sitting on the Court of Appeals by assignment.

of $100,000. Czeryba conveyed the offer to appellant and Jamie's mother and urged them to accept the offer on Jamie's behalf.

On March 22, 1991, the Makarewiczes notified Czeryba by letter that he had been discharged and that another attorney had been retained. Czeryba responded by obtaining an order appointing a guardian ad litem, as well as by petitioning for a successor conservator, approval of the settlement with Guyor's insurer, and attorney fees.

At a hearing regarding Czeryba's petition, he argued that he was the attorney of record until the court enters an order discharging him and that the court should authorize the settlement with Guyor's insurer because appellant was jeopardizing Jamie's interests by refusing to settle. Appellant, on the other hand, argued that the settlement would place Jamie in a bad negotiating position with other possible defendants, such as her uncle, and would not adequately protect Jamie's future interests. The probate court ruled that appellant should continue as conservator, but ordered him to settle with Guyor's insurer.

On appeal, appellant argues that the probate court lacked jurisdiction to consider Czeryba's petition to have appellant removed as conservator and to order settlement after Czeryba had been discharged by appellant. We agree.

The probate court denied appellant's objections to Czeryba's petition largely on the basis of *Steinway v Bolden,* 185 Mich App 234; 460 NW2d 306 (1990), concluding that "[Czeryba] represents the minor, and therefore, it was proper for the court to consider the petition." However, even assuming Czeryba was Jamie's attorney, it does not necessarily follow that he was not also the attorney for appellant, or that Czeryba could not be discharged

by appellant. *Steinway* does not address these considerations.

A conservator has the discretionary power to collect assets, pay expenses incurred in the collection, and employ an attorney to assist in the collection. MCL 700.484(3)(a), (t), and (w); MSA 27.5484(3)(a), (t), and (w). In this case, appellant, as conservator, is designated as the client in the contingency fee agreement with Czeryba. Hired by appellant, Czeryba can be fired by appellant. Assuming Czeryba also represented the minor's best interests does not bar Czeryba's dismissal by the conservator.

Under MRPC 1.2(a), "[a] lawyer shall abide by a client's decision whether to accept an offer of settlement . . . of a matter." See *In re Roth,* 1 Mich Discip Rptr 277 (1983), where the Attorney Discipline Board concluded that the attorney violated MRPC 1.2(a) by settling the client's accident claim without consent or authorization. The ultimate authority rests with the client. See *Burke v Burke,* 169 Mich App 348, 352; 425 NW2d 550 (1988). Under MRPC 1.16(a)(3), an attorney's withdrawal from representation is mandatory when the client discharges the attorney. A withdrawing lawyer must take all reasonable steps to protect the client's interests. MRPC 1.16(d).

Under MRPC 1.14(b), a lawyer may take protective action with respect to a client only when the lawyer reasonably believes that the client cannot adequately act in the client's own interests. The comment accompanying MRPC 1.14 suggests that where a legal representative has already been appointed for the client, the lawyer ordinarily should look to the representative for decisions on behalf of the client. However, if the lawyer represents the guardian as distinct from the ward, and is aware that the guardian is acting adversely to

the ward's interest, the lawyer may have an obligation to prevent or rectify the guardian's misconduct.

Here, neither appellant nor Jamie is mentally incompetent, and Czeryba's discharge did not amount to misconduct by appellant. The probate court commented that appellant's decision against immediate settlement was not unreasonable. Further, when he filed his petition, Czeryba knew that he had been discharged by appellant and that appellant had already retained another attorney. Ethically, Czeryba could not file the petition to force a settlement against the wishes of his former clients.

Czeryba relies on MCR 5.117 to argue that he could not be discharged by appellant. Under MCR 5.117(B) in effect at all times relevant to this action, an attorney's services on behalf of a fiduciary or other party could be terminated by the fiduciary or other party, or by the attorney by filing written notice with the court. Former MCR 5.117 does not serve to retain Czeryba beyond his discharge by appellant.

Unless Czeryba can meet the statutory criteria on some other basis, the probate court had no jurisdiction to grant his petition. See *In re Breasbois Estate,* 140 Mich App 350, 354; 364 NW2d 702 (1985); see also *In re Williams Estate,* 133 Mich App 1, 6-8; 349 NW2d 247 (1984). The Revised Probate Code section concerning petitions after the appointment of a conservator provides in relevant part:

(1) A person interested in the welfare of a person for whom a conservator is appointed may file a petition in the appointing court for an order:

* * *

(d) Removing the conservator and appointing a temporary or successor conservator.

(e) Granting other appropriate relief. [MCL 700.476; MSA 27.5476.]

The parties debate whether Czeryba is an "interested person" as defined in MCL 700.7(4); MSA 27.5007(4). "Interested person" is a restrictive term of art under the Revised Probate Code, however, and the terminology is not used § 476(1). Further, creditor status allows Czeryba to file an appropriate claim (MCL 700.488 *et seq.*; MSA 27.5488 *et seq.*), but it confers no standing under § 476(1).

By all accounts, appellant was acting in good faith in the best interests of his daughter when he declined immediate settlement. See *In re Norris Estate,* 151 Mich App 502, 512; 391 NW2d 391 (1986). Both the probate court and the guardian ad litem acknowledged the difficulty of the decision whether to settle. Appellant's only "error" was to disagree with Czeryba's advice. In light of the ethical considerations already discussed, Czeryba cannot be considered to be "a person interested in the welfare" of Jamie. The probate court erred in refusing to dismiss the petition.

Reversed.

J. E. MIES, J., concurred.

GRIFFIN, P.J. *(concurring).* I join in the opinion of the Court. Further, I direct the Clerk of the Court of Appeals to forward a copy of our decision to the Attorney Grievance Commission.